ELSEY v. FALCONER.

Opinion delivered July 1, 1892.

*Overdue tax sale—Jurisdictional defect.*

Where the complaint in an overdue tax suit alleged that the taxes on the land proceeded against were due for a certain year only, and the warning order gave notice that the suit was for

those taxes, a sale under a judgment by default which included unpaid taxes for other years is void.

Appeal from Franklin Circuit Court in Chancery, Charleston District.

HUGH F. THOMASON, Judge.

*G. W. Shinn* and *E. H. Mathes* for appellant.

The record nowhere discloses the fact that the court in the overdue tax suit did not have jurisdiction; such being the case, that suit cannot be inquired into for any other purpose in a collateral proceeding. 50 Ark. 188. It is immaterial that the suit was originally brought for the taxes of 1878 only. If the taxes for the subsequent years were due and unpaid, they should have been ascertained and ordered paid, and in so doing the court did not exceed its jurisdiction. 49 Ark. 350; 4 Pet. (U. S.) 365. The fact that taxes were due for any year gave the court jurisdiction, and, having rightfully obtained jurisdiction, the court could enquire into all subsequent years as to non-payment. Acts 1881, p. 67; 49 Ark. 348; 47 *id.* 323; 50 *id.* 188; 52 Pa. St. 295; 27 Minn. 109.

The court having jurisdiction, all matters are concluded by its decree, and to cure errors or irregularities resort must be had to appeal. 35 Minn. 1; 11 Biss. 289; 12 Fed. Rep. 398; 40 Cal. 291; 6 Iowa, 179; 12 Mo. App. 228; 13 *id.* 275; Burroughs, Tax. p. 280; Wells, Res. Adj. secs. 10, 428, 479, 483, 489. The decree is conclusive, except as to jurisdiction. Burroughs, Tax. p. 285-6; Black, Tax Titles, secs. 58–59; 71 Ala. 529; Freem. Judg. sec. 135; Cooley, Tax. 526; 97 N. C. 136; 69 Mo. 343; 11 Ark. 519; 22 How. (U. S.), 14; 93 U. S. 165.

*L. P. Sandels* for appellee.

When a court of general jurisdiction has a special or limited authority conferred upon it by statute, it is a court of limited jurisdiction, and its jurisdiction must appear upon the face of the record. The jurisdictional facts must affirmatively appear, or the decree is void.

Black, Tax Titles, sec. 59; 6 Wheat. 119; 3 Iowa, 114; 22 N. J. L. 396; 35 Me. 97; Wells, Res. Adj. sec. 477; Acts 1881, p. 160. The complaint, warning order and preliminary decree only mention the taxes of 1878, while the final decree declares a lien for the taxes of 1878-9-80-81 in gross. This avoids the decree and sale. 50 Ark. 188; 49 id. 350; 10 Pet. 474; 16 Md. 176. Where land is sold for taxes, part of which are illegal and part legal, the whole sale is void. Black, Tax Titles, secs. 97-8; Cooley, Taxation, 497; Blackwell, Tax Titles, 190, 192; Desty, Tax. vol. 2, 866-7, 969, 972; 36 Cal. 67; 8 Blackf. 581; 36 Me. 433; 59 N. H. 392; 15 Mass. 144; 51 Miss. 782; 44 Mich. 561. Deeds to land sold under decree of court for taxes have been attacked collaterally and held void in the following cases: 6 Wheat. 119; 3 Sneed, 344; 5 Hayw. 294; 5 Wheat. 116; 20 Ill. 338; 30 Ill. 119; 12 Ill. 409; 32 Cal. 477; 13 Ill. 251; 31 Cal. 135; 39 Ill. 108; 15 Ill. 279; 5 Ia. 284; 23 Ill. 521; 6 Ia. 331; 1 Wall. 398; 6 Ia. 179; 42 Mo. 162; 26 Minn. 201; 81 Mo. 170; 60 Ill. 179; 35 Ill. 315. In Illinois it has been held, in 103 Ill. 528, that a decree confirming an assessment is conclusive against all objections; but that a decree for taxes, part of which are illegal, is *void*, and can be attacked collaterally also; where decree is for amount greater than tax actually due. 55 Ill. 249; 113 Ill. 256; 21 N. E. 511.

HEMINGWAY, J. This case involves the validity of a title acquired at a sale, known as an "overdue tax sale," made under a decree of the Franklin circuit court in chancery. Many questions are argued which go, either to the injustice of the title asserted, or to the bad policy of the law under which it was acquired; the former questions are cut off by the decree in the suit for overdue taxes, and the latter have been favorably considered by the legislature—the only tribunal having the power to correct the bad policy of legislation. The only question

presented for our consideration is, was the sale under the decree of the chancery court within its jurisdiction? The court below held that it was not ; and if this be correct, the judgment must be affirmed.

The facts upon which the defect of jurisdiction was affirmed are : That the complaint alleged only that the lands were delinquent for the taxes of 1878 ; that the process by·warning order gave notice that the suit was for the taxes of 1878 ; that there was no appearance to the suit, and a decree *pro confesso* was entered for the taxes of 1878 only ; and that a final decree was entered and a sale made for the taxes of 1878, 1879, 1880 and 1881.

As the complaint tendered a claim for the taxes of 1878 only, and the service of process by publication distinctly gave notice of that claim, and there was no appearance by the land-owner, we are of opinion that the jurisdiction of the court was confined to the claim asserted in the complaint, and that the court could acquire jurisdiction of the claim for the taxes of subsequent years only by an amendment to the complaint and new service or the appearance of the land-owner. Newman's Pl. & Pr. p. 688 ; *Railway Co.* v. *State*, 55 Ark. 200 ; *Munday* v. *Vail*, 34 N. J. L. 418 ; *Windsor* v. *McVeigh*, 93 U. S. 274 ; *Spoors* v. *Coen*, 44 Ohio St. 497 ; *Dunlap* v. *Southerlin*, 63 Tex. 38 ; *Seamster* v. *Blackstock*, 83 Va. 232.

When the court went outside the right asserted in the complaint and attempted to adjudicate rights not therein set up or in any way referred to, it exceeded its power ; and its decree, in so far as it determines such rights and orders their enforcement, was without its jurisdiction and void. But the decree adjudicates the claim asserted in the complaint, charges it as a lien on the land, and directs that enough of the land be sold to satisfy the entire decree, including it. The entire land was sold to satisfy the entire decree. The question is

whether the sale is void because made under a decree
which included claims of which the court had no juris-
diction, or is validated by the presence in the decree of a
claim of which the court had jurisdiction ?

Upon this we have found no direct authority, though
we have waited long and searched extensively for such.
It is important to state that, by the terms of the statute
that enter into the decree, the land was to be offered to
the person who would pay the amount of the decree, with
costs, for the least portion of it, to be taken out of the
northeast corner ; and where no person offered to pay
such sum for the entire tract, it was to be sold to the
State.  By this provision the land that can be sold is
made the exact equivalent in value of the sum legally
due, and a sale of any particle in excess of such equival-
ent is without any warrant of law.  It is thus seen that
if five dollars were demanded when but one was due, and
the entire land was sold for the payment of the entire
demand, some part—away from the northeast corner—
must have been sold to satisfy that part of the demand
that was illegal.  As to such part, the sale is without
any legal sanction and void, and as the part sold for the
illegal can not be separated from that which was sold for
the legal demand, the entire sale must be treated as a
nullity.  *Litchfield* v. *Cudworth*, 15 Pick. 23 ; *Adams* v.
*Morrison*, 4 N. H. 166.

Upon the first part of the proposition the opinion of
Judge Cooley in the case of *Silsbee* v. *Stockle*, 44 Mich.
561, will be found very clear and instructive.  Cooley on
Taxation, 497.  The question did not arise in that case
upon the effect of a sale under a decree, a part of which
was without the court's jurisdiction ; but upon the power
of the legislature to cure an ordinary sale for taxes a
part of which were illegal, conducted according to a plan
similar to that provided by our act.  He there shows
that the sale of a part of the land was for the illegal tax ;

that it was therefore a nullity, and could not be cured by the legislature; and the same course of reasoning shows in this case that a sale of a part was to satisfy the void part of the judgment, and could not be aided by the part of the decree that was valid. We refer to that case for a lucid discussion of the question, which we consider convincing; the doubt that has crossed our minds is whether the reasoning applies to this class of cases. The conclusion to which we have come, after much hesitation, is that it does.

Affirm.