ELIAS MILLIKEN & al. versus SETH WHITEHOUSE & al.

The acceptance of negotiable paper for a debt, and giving a receipt in discharge thereof, are an extinguishment of the original liability, unless it appears that the parties did not so intend.

When the debt of a corporation is settled by its negotiable note, and that note, when due, is taken up by another note, and nothing appears to show the intention of the parties, the date of the second note must be treated as the time when the indebtedness of the corporation accrued, so far as relates to the liability of its stockholders.

A judgment against a corporation is binding upon the stockholders till reversed, and is conclusive upon them in a subsequent action against them, by the same plaintiff.

Section 18 of c. 76 of the Revised Statutes of 1840 was repealed by the Act of 1855 (c. 169, § 1); and it seems that by this repeal § 30 of the same chapter is rendered ineffectual.

Manufacturing corporations do not come within the provisions of c. 271 of the laws of 1856.

But c. 109 of the laws of 1844, (which is not repealed by the Act of 1856,) applies to them.

The liability of stockholders under the Act of 1844 is restricted, by the Act of 1856, to the amount of their stock.

By the second section of the "Repealing Act," in the Revised Statutes of 1857, liabilities which had accrued by force of previous statutes were preserved, and can still be enforced.

No amendment to a declaration can be allowed, which introduces a new cause of action.

A declaration against a stockholder for the debt of a corporation, containing only the allegations to bring the case within the provisions of c. 271 of the laws of 1856, cannot legally be amended, against the defendant's objections, so as to bring the case within c. 109 of the laws of 1844.

ON REPORT.

CASE against the defendants as stockholders in "The Mechanics' Association," a manufacturing corporation established by law, at Augusta, to recover a debt of that corporation.

The writ originally contained but one count, with allegations to bring the case within the provisions of c. 271 of the laws of 1856.

Under the general leave to amend, the plaintiffs filed two

additional counts, which are, in all respects, copies of the first count, except that in one of them is this additional averment, viz. : —

"And the plaintiffs further aver, that the said Mechanics' Association, heretofore, to wit, on the said 20th Dec., 1856, had not complied with the prohibitions and limitations imposed by law upon manufacturing corporations in this State, then and still in force, in respect to the debt aforesaid, but had then contracted debts, and have ever since been indebted to an amount exceeding the amount of their capital invested in real estate, buildings, machinery and other fixtures within the State of Maine, and exceeding, also, one-half of the amount of their capital stock paid in and remaining undivided."

And the other additional count contains the above averment, with the following additional words, viz. : —

"Whereby an action hath accrued to the plaintiffs, to have and recover of the defendants, stockholders, as aforesaid, the amount of said unsatisfied judgment."

At the trial the defendants' counsel objected to the above amendments, as not within the terms of a general leave to amend, and their legal admissibility was reserved for the determination of the law Court.

The facts proved by the evidence are stated in the opinion.

*Williams & Cutler*, for plaintiffs.

*R. H. Vose*, for defendants.

The opinion of the Court was drawn up by

TENNEY, C. J. — In the specifications of defence, it is denied that the defendants are stockholders in "The Mechanics' Association." Although this point is not surrendered by them, yet no argument is addressed to the Court in support of that denial; and on an examination of the records by the copies which have been furnished, no doubt is entertained that they held such a relation to the corporation.

The action is brought to recover of them, as such stock-

holders, their proportion of a judgment obtained againts the corporation by the plaintiffs, by virtue of the statutes of this State, which is the amount of their stock.

A question is presented, at what time the alleged indebtedness of the company must be regarded as having accrued. This question may be important with a view to determine what statutes of the State apply to the action. It appears that the consideration of the alleged indebtedness of the corporation was the delivery of certain sides of leather, on the 27th of March, 1856, for which a negotiable promissory note was given, payable on time; after this note matured, on Dec. 20, 1856, it was taken up by another negotiable promissory note of the association, purporting to be signed by its treasurer, payable with interest in six months from date. It is well settled, under the law of this State, that the acceptance of negotiable paper for a debt, and a receipt given in discharge thereof, are an extinguishment of the original liability of the debtor, unless the parties did not so intend it. There is no evidence or suggestion that it was not so in this case, and the contract declared on, in the writ in favor of the plaintiffs against "The Mechanics' Association," being the note dated December 20, 1856, that must be treated as the time when its indebtedness accrued, so far as it relates to the defendants' liability.

It is denied that Stephen Hawes, who signed the note as treasurer of the association, was in fact the treasurer, and that the corporation was liable thereon. The evidence shows that Hawes acted as the treasurer; and that it was alleged in the writ against the company, that by their promissory note of December 20, 1856, signed by Stephen Hawes, their treasurer, duly authorized therefor, for value received, promised, &c. In this action the company was defaulted, and the judgment, which is in the case, rendered against it. But it has been decided in this State, that the stockholders in a corporation like this are in privity therewith. *Merrill* v. *Suffolk Bank*, 31 Maine, 57; *Came* v. *Brigham*, 39 Maine, 35, and, as to such, the judgment is valid till reversed.

That such was the intention of the Legislature in R. S. of 1840, c. 76, § 19, is manifest from the provision, that the officer holding an execution against such a corporation, which he is unable to satisfy by property thereof, is authorized to levy the same upon the property of a stockholder, in the same manner as if it were against him individually.

By the R. S. of 1840, c. 76, § 18, in all corporations created by the Legislature after February 16, 1836, in case of a deficiency of attachable property, or estate of the corporation, the individual property of every stockholder thereof, shall be liable to be taken in execution to the amount of his stock, and no more, for the debt of the corporation. Then follows in this, and the succeeding section, the proceedings prescribed to carry into effect these provisions. Sect. 20 provides for a special action of the case, for the attainment of the same object.

By § 22, "when the officers or members of a corporation, or any of them, are liable for the debts of the corporation, or for any acts of such officers or members, respecting the business of the corporation, and, also, when any of the said officers or members are liable to contribute for money paid by any other or others of them, on account of any such debts or acts, the money due may be recovered by a bill in equity, or by an action at law, at the election of the party."

By § 30, stockholders of all corporations, excepting banking corporations and corporations for literary and benevolent purposes, created since March 19, 1831, shall be subject, as it regards debts hereafter to be contracted by such corporations, to all the liabilities imposed on such stockholders by the provisions of the 18th section of this chapter; provided that such liability shall not be incurred, excepting for such stock as they may have acquired since April 24, 1839.

By statute of 1844, c. 109, § 3, all companies referred to in that chapter are expressly prohibited from contracting debts exceeding at any one time the amount of the capital invested; and they are also prohibited from contracting debts to such an extent, that the indebtedness of such cor-

poration shall at any one time exceed one half of the amount of the capital stock paid in and remaining undivided. And a compliance on the part of such companies, with the prohibitions and limitations aforesaid, shall relieve the stockholders from all individual liability for the debts of their respective companies; but if the debts of such companies shall at any one time exceed either of the limitations specified, then the stockholders shall become liable, individually, for all the debts of their respective companies, &c.

By § 4, all such manufacturing corporations as shall observe the prohibitions, &c., as specified in the third section, shall be exempted from the operation of §§ 18 and 30, in R. S., c. 76.

By the statute of 1855, c. 169, § 1, the sixth line of § 18, of c. 76, R. S., making the property of stockholders liable to be taken on execution against the corporation of which they were members, and §§ 19 and 20, were repealed, and other provisions substituted in the same chapter; but the Act was not to apply to any suits or actions pending at the time of its enactment.

The statute of 1856, c. 271, which went into operation on May 11, 1856, by § 6, repealed §§ 19 and 20, and also the Act of 1855, c. 169, saving all suits and processes, &c. It is provided in the statute of 1856, c. 271, § 1, that the stockholders of all corporations created by the Legislature, after February 16, 1836, excepting banking corporations, unless it is otherwise specified in their charter, or by any general law of the State, shall be liable for the debts of the corporation, contracted during the ownership of such stock, in case of a deficiency of attachable property of the corporation, to the amount of their stock and no more.

By § 2, at any time within six months of the return of an execution against a corporation, unsatisfied in whole or in part, for want of attachable property of the corporation, the plaintiff in such execution may demand of any stockholder of such corporation, to disclose and show the officer having the execution, attachable property of such corporation, &c.

Section 3 provides that, after demand as aforesaid, the execution creditor may have an action of the case against such stockholder to recover of him individually the amount of execution and costs, or the deficiency thereof, not exceeding the amount for which said stockholder is liable, by the first section of the same chapter.

What construction is to be put upon the language in the first section of c. 271 of the statute of 1856, "unless it is otherwise specified in their charter, or by any general law of the State?" Does it mean, that if by charter or general law they are *liable,* and also liable for a greater amount than that of their stock, they are to continue liable *to that extent?* or does it mean, if liable by charter or general law, a liability is to continue, but that liability, by the new provision, is limited to the amount of the stock of the stockholders, severally? When we consider, that, by § 3 of c. 109 of statute of 1844, stockholders are exempt from all liability where the corporation shall observe the prohibitions and keep within the limitations prescribed in the preceding section, we think the liability was intended to be restricted to the amount of the stock. But in this case that question is immaterial, in any event, as the plaintiffs make no claim beyond the defendants' stock.

Section 22 of c. 76, R. S., was unrepealed and unaffected by any statute passed anterior to that of 1856, c. 271. Whether it was intended by the Legislature that the provisions of the second and third sections should be substituted for this, and thereby operate as a repeal thereof, or whether § 22 is to remain in force, and the subsequent provisions to be treated as a cumulative remedy, may not be perfectly clear, but it is not necessary that we should determine that question for the disposition of this case.

Section 30 of c. 76, R. S., is not repealed in terms, but stockholders, designed originally to be affected by it, were made subject to all the liabilities imposed on them by the provisions of § 18 of the same chapter. The section last named being repealed, with an exception not material to the present inquiry, the basis of § 30 seems to be taken away.

Section 3 of c. 109 of statute of 1844 had not been repealed before the revision of the statutes in 1857. It stood in force till that time, even if modified, as has been suggested, restricting liability to the amount of the stock of the several stockholders. So that the provisions of this section may have an important influence upon the case before us, according as the condition of the Mechanics' Association, touching their indebtedness, as named in that section, make the defendants liable, or render them wholly exempt from liability under the statutes of 1856, c. 271, or any unrepealed provisions of previous statutes.

Most if not all the provisions of the statutes upon the subject now under consideration, existing and not repealed at the time of the revision of 1857 took effect, have been substantially reënacted in the latter code, though not all incorporated into the same chapter. For example, the provisions found in the statute of 1856, c. 271, are found in the statutes revised in 1857; in c. 46. Those of c. 109, of statute 1844, so far as they are reënacted, are in c. 48 of the new code.

The statutes which we have treated as having an influence upon the questions which we have considered, and which were in force at the time the present Revised Statutes went into operation, were repealed by the general repealing Act of April 17, 1857, with the saving clause in § 2 of that Act, providing that the Acts declared to be repealed shall remain in force, "for the preservation of all rights, and their remedies existing by virtue of them ; and so far as they apply to any office, trust, judicial proceeding, right, contract, limitation, or event, already affected by them." It is insisted, for the defendants, that "rights," as used in the foregoing provision, are to be treated as absolute rights, and not liabilities. Such restricted view cannot be admitted. We cannot believe, when statutes, which were in full force up to the close of the year 1857, and were reënacted in form with such provisions incorporated as had long existed upon the subject now under consideration, that it was intended

that, the next day, all the security before provided, by which creditors could recover their debts against corporations, of individual stockholders therein, should be struck down and annulled. The language used by SHEPLEY, Justice, in *Treat* v. *Strickland,* 23 Maine, 234, will well apply :—"When the language is considered in connection with that of the forty-ninth section of chapter 145, and with the recollection that the general purpose of the revision was to embody, in a more systematic form, the existing laws, with certain modifications and new provisions, without destroying existing rights ; there can be little doubt that it was the intention of the Legislature to preserve, not only actions which, technically and properly speaking, had accrued or been founded on the statute, but those, also, which were preserved and secured to a party by the repealed Act."

The conclusion is, that this action is to be determined by the statutes which were in force at the time of the date of the note given by "the Mechanics' Association" to the plaintiffs.

It is in evidence, that the association owned no real estate or personal property, after June or July, 1856. The debts of the corporation were some thousands of dollars in March and June, 1856, and the note in question was outstanding at a time when it had no capital stock paid in and remaining undivided. A liability of the stockholders had accrued by reason of a failure in the company to comply with the prohibitions and limitations specified in the statute of 1844, c. 109, § 3.

The evidence shows that the steps required by the provisions of the statute of 1856, c. 271, §§ 2 and 3, have been complied with, and the plaintiffs are entitled to recover of the defendants the amount of their stock, which is one share, it appearing by legal proof that there was an entire deficiency of attachable property of the corporation, provided there is a proper process for that purpose.

The writ, as first made and entered in Court, was somewhat defective in not alleging the condition of the corpora-

tion, in relation to their property and indebtedness. Under leave of Court amendments have been made, which cure this defect, but, it is insisted, that they were in law inadmissible, which is a question now to be considered.

"No process or proceeding in courts of justice shall be abated, arrested or reversed, for want of form only, or for circumstantial errors or mistakes, which by law are amendable, when the person and cause can be rightly understood. Such errors and defects may be amended, on motion of either party, on such terms as the Court orders." It is a general rule, that amendments may be granted in the discretion of the Court, when they do not present a different cause of action.

In framing the original count in the writ in the action before us, it is quite manifest that § 3 of c. 109 of the statutes of 1844, escaped the pleader's attention. This is not a cause of surprise, when we find that the individual liability of stockholders, in certain classes of corporations, had been the subject of so many enactments and repeals of statute provisions. In looking at the first three sections of the statute of 1856, chapter 271, there seemed a mode provided by which this action could be maintained, on proof of all the facts alleged in the writ. But § 3 of c. 109 of the statutes of 1844 was unrepealed, as we have seen, and that required proof of certain facts which were indispensable, and, if indispensable in proof, their allegation in the writ were equally so. To make a stockholder liable, it was not sufficient to show that attachable property of the corporation, in which he was a stockholder, could not be found after such steps had been taken for the purpose as were alleged in the writ, as it first stood, but it was necessary for his success, that the plaintiffs should allege and prove that the corporation had contracted debts exceeding at one time the amount of their capital invested in real estate, buildings and machinery, and other fixtures in the State of Maine, and they had contracted debts to such an extent that the indebtedness of the corporation at one time exceeded one half the amount of

their capital stock paid in and remaining undivided. These facts were a substantial part of the *gravamen* of the action, and were such a part of the cause thereof, that being supplied by the amendments, the cause of action was not the same as before.

The cause of action depending upon a statute, is not to be tested by the object or result intended to be secured, as in this case a judgment against a stockholder individually, for the purpose thereby of obtaining satisfaction, wholly, or in part, of one against the corporation, of which he is, or has been a member, but by the facts required to be substantiated by the statute, to make the statute invoked applicable to his case. If one should bring his action under a statute which had been unconditionally and absolutely repealed, and another substituted therefor, essentially different, and requiring different facts to be proved to make it effectual, an amendment could not be allowed changing the declaration so that the action should conform to the new statute instead of the old, although the ultimate object of the plaintiff might be to obtain a judgment, which would cover the injury for which he was seeking redress.

As the case was, before the amendments, it could not be rightly understood. The original count contained nothing which would or could lead to the conclusion, or even the suspicion, that the facts made essential to the maintenance of the action, required by § 3, c. 109, of the statute of 1844, were any part of the cause of the action, and it does not fall within the provision of the statute allowing amendments in the discretion of the Court.

The amendments were improperly allowed, and they constitute no part of the plaintiffs' writ and declaration, which being insufficient without them, according to the agreement of the parties, *the plaintiffs must become nonsuit.*

RICE, CUTTING, GOODENOW and DAVIS, JJ., concurred.