## RAILWAY COMPANY *v.* STATE.

Opinion delivered May 7, 1892.

1. *Constitutional law—Railway signals.*

If section 5478, Mansf. Dig., which provides a penalty for failure of a railway company to signal at a highway crossing, is unconstitutional in so far as it awards a part of the penalty to an informer, instead of awarding the entire penalty to the school fund, its remaining provisions are legally separable and will stand.

*Railway Company* v. *State*, 55 Ark. 200, followed.

2. *Criminal proceeding—Penalty.*

The provision of Const. 1868 (art. 1, sec. 4). that " no person shall be held to answer a criminal offense unless on the presentment or indictment of a grand jury " is inapplicable to an action to recover the penalty imposed on a railway company for failure to signal at a highway crossing.

3. *Amendment—Substitution of party plaintiff.*

Where an action to recover from a railway company the penalty for failure to give signal before crossing a highway is prosecuted by the informer in his own name, the error in not bringing the suit in name of the State cannot be cured by amendment substituting the State as plaintiff.

Appeal from Miller Circuit Court.

C. E. MITCHEL, Judge.

C. W. Bell, for the use of himself and Miller county, Arkansas, brought suit against the St. Louis, Arkansas & Texas Railway Co., to collect the statutory penalty for defendant's failure to signal at a certain highway crossing. Defendant demurred because the plaintiff had no capacity to sue, and because the complaint failed to

state a cause of action. The court sustained the demurrer upon the first ground. Plaintiff asked leave to amend by making the State a party plaintiff for the use of himself and Miller county—an application in which the prosecuting attorney of the district, on the part of the State, joined. Whereupon the court, over defendant's objection, permitted the amendment, and allowed the State to be substituted as party plaintiff. Defendant suffered judgment by *nil dicit* and appealed.

*Bunn & Gaughan* and *Sam H. West* for appellant.

1. C. W. Bell had no right to bring the suit. Mansf. Dig. secs. 5482, 5324, 4933.

2. It was error to *substitute* one plaintiff for another. Our statutes of amendment allow the adding of a party plaintiff who has an interest, but does not mean that the complaint of a party who has *no* cause of action may be amended by substituting one who has such cause. This would be bringing a new cause of action. 67 Am. Dec. 186 ; 67 Barb. 484 ; 34 Ark. 144 ; 97 Am. Dec. 510 ; 12 How. 407 ; 14 Pet. 156 ; 56 Barb. 492 ; Bliss, Code Pl. secs. 428–9 ; 14 N. Y. 506 ; 46 N. Y. 544.

3. The procedure to enforce sec. 5478, Mansf. Dig. is exclusively criminal. 45 Ark. 387 ; 116 U. S. 616 ; 38 Ark. 579 ; 6 *id.* 131 ; 101 U. S. 188 ; 92 *id.* 214 ; 13 Wall. 409.

HEMINGWAY, J. This court decided, in the case of *Railway Company* v. *State*, 55 Ark. 200, that if section 5478, Mansf. Dig., was unconstitutional in so far as it awards a part of the penalty to an informer, the remaining provisions were legally separable and would stand. We are now asked to review the decision, but nothing is suggested that was not considered upon the hearing of that cause, and we abide in the conviction that our conclusion was correct.

*1. Validity of statute concerning railway signals.*

It is next insisted that the act creates and defines a crime, for which the punishment is a fixed penalty ; and

*2. What are criminal offenses.*

that a proceeding for its recovery can only be instituted by indictment.

The provision that no man shall be put to answer any criminal charge but by presentment, indictment or impeachment is found in the Constitution of 1836, and, in so far as it is material in this case, it was re-enacted in the Constitution of 1868.* It is contended that all acts tending to prejudice the public good, made penal by statute, constitute criminal offenses within the meaning of that provision. The act for which a recovery is sought in this case was not a crime at common law, is not declared such by the statute, and is not visited by a penalty that the rules of criminal procedure have any peculiar adaptation to enforce. The legislature did not intend to define a criminal offense; and if it did so, it is because all the acts of a tendency detrimental to the public, which are prohibited by statute, necessarily become criminal offenses. But penalties are imposed generally out of considerations for the public rather than as compensation for a private wrong, for they are superadded to recoveries of actual damage; and if the provision relied upon was ever held to extend to proceedings generally to recover statutory penalties, we are not aware of it. On the contrary, penalties have been claimed and recovered in ordinary civil actions, and upon motions in this as well as in circuit courts, and there is no intimation anywhere that the Constitution prescribed a different remedy. It may be that the question has never been pressed, but its decision is involved, in adjudged cases; and a view against that contended for is, and long has been, generally accepted by the bar and the courts. Thus for willful and wanton wrongs the injured party is allowed to recover, in excess of compensation, exemplary damages as a penalty calculated to promote the public

---

* Const. 1868, art. 1, sec. 9.

safety. So penalties have been imposed by statute upon telegraph companies, and recoveries by civil action had for a failure to deliver messages, not by way of compensating the party, but to quicken the performance of a public duty. So in other cases penalties are imposed by this court, and by circuit courts, upon motion, which go to compensate no private loss, and are provided to promote the general good. We think the prohibited act is not a criminal offense, within the meaning of the Constitution.

The demurrer to the complaint was properly sustained, as it showed that the plaintiff was not, and that the State was, the party entitled to prosecute the action. Leave to amend by striking out the sole plaintiff and substituting another should not have been granted. The right of amendment is broad, but does not warrant the substitution of a stranger for the sole plaintiff in the cause. *Otis* v. *Thorn*, 18 Ala. 395; *Davis Avenue R. Co.* v. *Mallon*, 57 Ala. 168; *Milliken* v. *Whitehouse*, 49 Me. 536; *Dubbers* v. *Goux*, 51 Cal. 154.

3. Amendment of complaint by substitution of plaintiff not permissible.

If the plaintiff, when the demurrer was sustained, could not amend his complaint so as to state a cause of action in himself, the cause should have been dismissed at his cost. If the State so desired, it might institute an action for the same matters, but it could not cure the defects in plaintiff's action by stepping into his place. This it attempted, and the court improperly permitted it, to do, against defendant's objection. If it were treated as the institution of a new suit, and the name of the State written in place of the original plaintiff's, the complaint would disclose a cause of action; but neither the court below nor the parties so treated it. They treated it as an amendment, and the question presented by the demurrer was, whether it showed a right in the State to prosecute and recover in the action of the original plaintiff. That was the issue tendered by the parties and decided

by the court, and it is but just and right that we take it as the question for our decision.

Our answer is in the negative. The State could not thrust itself into Bell's action and recover for a wrong of which he complained; and as the complaint disclosed such a case, the demurrer to it should have been sustained.

Reversed and remanded.