RAILWAY COMPANY *v.* STATE.

Opinion delivered May 19, 1894.

*Pleading and proof—Variance.*

> Where the complaint alleges that defendant railway company failed to ring the bell or sound the whistle on the engine of a passenger train going south at a certain highway crossing, and the proof was that the failure occurred on a freight train going north, the variance is material, and the complaint cannot be amended to conform to the proof.

| 59 | 165 |
| 63 | 139 |
| 59 | 165 |
| 74 | 161 |
| 75 | 372 |
| 75 | 408 |
| 59 | 165 |
| 85 | 325 |
| 59 | 165 |
| 89 | 138 |

Appeal from Jackson Circuit Court.

JAMES W. BUTLER. Judge.

### STATEMENT BY THE COURT.

This was an action to recover the statutory penalty for failure to ring bell or sound whistle at road crossing. The complaint is as follows : "The St. L. I. M. & S. Ry. Co. on the 24th day of February, 1889, and about 11 o'clock a. m. of said day, unlawfully did run a certain engine, drawing a certain passenger train en route south, at the crossing of the Jacksonport and Jonesboro road, a public highway in said county, without ringing the bell, or sounding the whistle of said engine, within eighty rods of said public crossing," etc. The defendant answered that it was not guilty, and the cause was submitted to the court, sitting as a jury, upon the following testimony:

J. W. Whitford testified "that during the spring of 1889 he saw a freight train of the defendant railway company, drawn by an engine, pass the crossing of the Jacksonport and Jonesboro road in Jackson county, Arkansas, without either ringing the bell or blowing the whistle on the engine; that said Jacksonport and Jonesboro road is a public highway; that he cannot state the date. It was some time before the spring term of the Jackson circuit court. It might have been in February, but I think it was in March. I think it was four or six weeks before the meeting of the Jackson circuit court, of the term in which the complaint was filed."

Clay Roberts testified: "In the spring of 1889, I had been reading the law requiring railroad trains to whistle at public crossings. I was at my house near the crossing of the St. Louis, Iron Mountain & Southern Railway Company with the Jacksonport and Jonesboro road, which is a public highway. I saw an engine and freight train on defendant's road pass over the crossing

going north, without either ringing the bell or blowing the whistle on the engine. I cannot say what month in 1889 it was. I think it was in March. I don't know whether I had commenced plowing before that time or not. I think it was three or four weeks before the meeting of the Jackson circuit court. I saw Mr. Whitford go down to the crossing to see if the train whistled."

The foregoing was all the testimony in the case.

The court then declared the law as follows: "If the offense is proven, it makes no difference as to the time, so long as the evidence shows it was committed sometime within a year prior to the commencement of this action." The finding of the court was that the defendant "did run an engine and freight train going north over the crossing of the Jacksonport and Jonesboro road without either ringing the bell or blowing the whistle, the date not fixed by the proof further than that it occurred prior to the meeting of the court in April, 1889, and between February 24 and April of that year."

The judgment appealed from was for $200.

*Dodge & Johnson* for appellant.

1. This is a civil proceeding—not a criminal case. 55 Ark. 206; 56 *id.* 167. The enforcement of the penalty under sec. 5478, Mansf. Dig., must be guided and controlled by the rules governing civil actions. The charge was that the company incurred the penalty, because, on February 11, 1889, the engineer of defendant's *passenger* train going *south* failed to comply with the statute. Neither of these charges were proved. There was in this case not only a *variance*, but was an absolute *failure* of proof, and it falls within Mansf. Dig., sec. 5077; Newman, Pr. & Pl. p. 723; 3 E. D. Smith (N. Y.), 408; 10 How. 321; 1 Abb. 237; 28 Barb. 441; 16 N. Y. 254; 2 Comst. 506; 2 N. Y. Reports, 506-7. The law as declared by the court was erroneous.

2.  The verdict is not sustained by the evidence.

WOOD, J. (after stating the facts.)    Section 5478, Mansf. Dig. provides: "A bell of at least thirty pounds weight, or a steam whistle, shall be placed on each locomotive or engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the said road shall cross any other road or street, and be kept ringing or whistling until it shall have crossed said road or street, under a penalty of two hundred dollars for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go to the informer and the other half to the county; and the corporation shall be liable for all damages which shall be sustained by any person by reason of such neglect." "Every neglect" creates a cause of action under the above statute.    The failure to comply with the requirements of sec. 5478, *supra*, is not a crime, as was held by this court in *Railway Company* v. *State*, 55 Ark. 200.    See also *Railway Company* v. *State*, 56 Ark. 166.    Nor are the same rules as to pleading and evidence in misdemeanors applicable by analogy to cases of this kind. The learned circuit judge, it appears, proceeded as to the proof and the statute of limitations, as though the appellant had been charged with a misdemeanor.

Sec. 4482, Mansf. Dig., provides that "all actions upon penal statutes, where the penalty or any part thereof goes to the State or any county or person suing for the same, shall be commenced within two years after the offense shall have been committed, or the cause of action shall have accrued."    So that two years is the period of limitation.    If the complaint in this case had alleged that the defendant company, within two years prior to the filing of the complaint, had failed to ring a bell or sound a whistle on one of its engines, at a crossing named, in violation of the statute, would it have been sufficiently definite to have enabled the defendant

to make defense? Certainly, under such latitudinous pleading, the defendant could not know on which particular engine the plaintiff was charging the delict occurred, out of perhaps as many as ten thousand that had passed over the crossing within the two years. Counsel, in their brief, make an estimate of the number of trains passing monthly, which, if continued through the two years, would make more than ten thousand trains passing at the crossing. Should the company deny the charge, in order to defend against it successfully, it would have to bring as witnesses the employees on the engine charged with the duty of ringing the bell or blowing whistle. That would put in attendance upon the court a multitude of witnesses to defend a single suit. This is an extreme statement of the case, but it only demonstrates the necessity for definite pleading. True, the time is not material, further than it must be within two years; but it may be all important in the way of designating the particular failure constituting the cause of action.

In cases of this kind the complaint must be made so specific as to advise the company of the particular train on which, and the crossing at which, the alleged failure occurred (whether it be by designating the hour, the direction of travel, the number or kind of train, is immaterial), so that the company may be permitted, if it desires, to defend against some particular cause of action. The presumption is that the railway company will do its duty, and, as the burden is upon the State to show that she is entitled to the penalty, it is but just and fair that she make her charges specific, and sustain them by corresponding proof.

Mr. Pomeroy says: "The very object and design of all pleading by the plaintiff, and of all pleading of new matter by the defendant, is that the adverse party may be informed of the real cause of action or defense

relied upon by the pleader, and may thus have an opportunity of meeting and defeating it, if possible, at the trial. Unless the petition or complaint on the one hand, and the answer on the other, fairly accomplishes this purpose, the pleading would be useless ceremony, productive only of delay, and the parties might be better permitted to state their demands orally before the court at the time of the trial. Pomeroy, Rem. & Remed. Rights, sec. 554.

The plaintiff alleged that, on the 24th day of February, 1889, about 11 o'clock a. m., the defendant, on a certain engine of a *passenger train going south* failed to ring bell or sound whistle, and proved on the trial that in the spring of 1889, on a certain *engine of a freight train going north*, the failure occurred. This was a total variance—a failure of proof—and does not come within the purview of secs. 5075, 5076 and 5080–81, Mansf. Dig., with reference to amendments.

A freight train is not a passenger. North and south are antipodes. So that the cause of action alleged, and the cause of action proved, are not only dissimilar, but separate and distinct. The conditions here presented come within the terms of sec. 5077, Mansf. Dig. which provides: "Where however, the allegation of the claim or defense to which the proof is directed is unproved, not in some particular or particulars only, but in its general scope and meaning, it is not to be deemed a case of variance within the last two sections, but a failure of proof."

Had the proof shown that it was on the same identical engine, although the informant might have been mistaken as to the day, that would have been a variance susceptible of correction. But here the discrepancy between the *allegata* and *probata* is so great that it becomes a total divergence, which could not be amended without changing the cause of action. Mansf. Dig. sec. 5080.

Mr. Pomeroy says: "If the divergence is total, that is, if it extends to such an important fact, or group of facts, that the cause of action or defense as proved would be another than that set up in the pleadings, there is plainly no room for amendment, and a dismissal of the complaint or rejection of the defense is the only equitable result." Pomeroy, Rem. and Remed. Rights, sec. 554, *supra*; 2 Rice on Evidence, p. 661 *et seq.*; Newman on Pl. 723; Max. on Code Pl. 583; Green's Pr. and Pl. sec. 475 *et seq*; *Walter* v. *Bennett*, 16 N. Y. Rep. 254; *Kelsey* v. *Western*, 2 Comstock's Rep. 506; *Grant* v. *Burgwyn*, 88 N. C. 95.

It follows that the judgment must be reversed, and cause remanded for new trial.