KANSAS CITY, SPRINGFIELD & MEMPHIS RAILROAD COMPANY *v*. STATE.

Opinion delivered October 24, 1896.

RAILROAD—PENALTY FOR FAILURE TO SIGNAL—NATURE OF PROCEEDING.—The failure of a railroad company to give the signals required by §6196, Sand. & H. Dig., subjects it to a penalty, to be recovered by civil action brought by the prosecuting attorney in the name of the people, and it is error to proceed with the case as a criminal action.

APPEAL—PREJUDICIAL ERROR.—The error of bringing a criminal
action against a railroad company for failure to signal at a cross-
ing, instead of a civil action, as provided in §6200, Sand. & H. Dig.,
is not ground for reversal of a judgment against the company
where it is not shown that a different judgment might have been
rendered in a civil proceeding.

Appeal from Sharp Circuit Court.

RICHARD H. POWELL, Judge.

*Wallace Pratt* and *Olden & Orr,* for appellant.

The mode of procedure prescribed by section 6200,
Sand. & H. Dig., is exclusive.  · Sand. & H. Dig.
secs. 6196, 6200; 26 S. W. 824; 55 Ark. 200; 56 *id.* 166;
29 *id.* 173.   Where a statute creates a new offense, and
provides a specific remedy or punishment, the statute is
exclusive, and must be followed.   8 Otto (U. S.), 555; 91
U. S. 59; Sutherland, Stat. Constr. sec. 399; 39 Mich.
141; 67 Barb. 350; Sedgwick, Stat. & Const. Law, 343;
55 Ala. 408; *Expressio unius est exclusio alterius.*   2
Bish. St. Cr. sec. 249, 250; Endlich, Int. Stat. sec. 78; 5
Blatch. 225; 29 Ala. 651; 14 Md. 184; 13 Beav. 22.   The
indictment was not sufficient as a complaint at law.   26
S. W. 824; 54 Ark. 546; 58 *id.* 39.   Treating the indict-
ment as a complaint, appellant was not required to
plead before the third day of the term, and a trial before
that time was premature.   Sand. & H. Dig. sec. 5735; 2
Tidd's Prac. p. 512; 34 Mo. 321; 58 *id.* 242.

*E. B. Kinsworthy,* Attorney General, for appellee.

The offense charged is a public offense and may be
prosecuted by indictment.   Sand. & H. Dig. secs. 6200,
6196, 1928-9.   The remedy is cumulative.   The juris-
diction of one court is not taken away by an affirmative
statute giving the same to another.   Bish. St. Cr.
sec. 164; 52 Ark. 54; 45 *id.* 387; Suth. St. Const. sec.
396; 85 Mo. 480; 121 Ill. 99; 54 Ark. 546; 78 Va. 422.
The indictment is a good complaint at law, and can
be treated as such.   55 Ark. 200.   The court will not

reverse a judgment for an error which could have been corrected below. Sand. & H. Dig. sec. 1061, 5772, 5764. Appellant refused to plead, set up no defense, and the judgment should stand. 52 Ark. 80; 50 *id.* 458.

Nature of proceeding to recover penalty.

WOOD, J. A failure by a railroad to comply with the requirements of sec. 6196, Sand. & H. Dig., subjects it to a penalty to be recovered by civil action brought by the prosecuting attorney in the name of the people of the state. Sec. 6200, Sand. & H. Dig. The act creates no public offense. The circuit court erred, therefore, in proceeding with the case as a criminal, instead of a civil, action. *Railway Co.* v. *State,* 55 Ark. 200; *Railway Co.* v. *State,* 56 *id.* 166.

No reversal for error not prejudicial.

But this court will not reverse except for errors which are substantial and prejudicial. Sand. & H. Dig. p. 414, note q, and sec. 5772.

The record does not show that the result would or could have been different had the court adopted the civil, instead of criminal, procedure, which it should have done. The indictment, treated as a complaint, though not as specific as it should be, states a cause of action. Appellant was present, and, through its attorney, refused to plead to the indictment, insisting that the indictment should be treated as a complaint, and that it was not required to plead until the third day of the term. But the court ordered a plea of not guilty entered for appellant, and proceeded regularly with the trial. Evidence was adduced, the jury were charged, and a verdict and judgment were rendered for $100.

Treating appellant's motion in arrest as a motion for new trial, it does not show that a different judgment might have been rendered in a civil proceeding. It should, at least, have shown to the trial court that it had a good defense to the action. Merely alleging in general terms that it had a meritorious defense was not

sufficient.   This court will not go through the idle ceremony of reversing and remanding the cause for new trial when the result, for aught that appears to the contrary, must remain the same. *Prima facie*, this record shows a good cause of action.   Affirmed.

BUNN, C. J., (dissenting.)   This is an indictment for failing to ring a bell or sound a whistle, under section 6196, Sand. & H. Dig.   Verdict and judgment against defendant for $100 fine, and defendant appeals. The indictment is as follows (omitting formal parts): "The said Kansas City, Fort Scott & Memphis Railroad Company, on the 27th day of January, 1895, in the northern district of the county and state aforesaid, did, then and there being a railroad company, operating a railroad and running through the northern district of said county, for the purpose of running passenger, freight, and other cars thereon, and there being a certain crossing of said railroad across the Pocahontas & Salem road on the day and year aforesaid, the said railroad company did then and there unlawfully fail to ring a bell or whistle a whistle on a locomotive and train of cars at the distance of eighty rods from the place where said railroad crosses said Pocahontas & Salem road; said locomotive and train of cars, being then and there run along said railroad, did fail to keep a bell ringing or whistle whistling from said point of eighty rods until said train had passed said crossing, against the peace and dignity of the State of Arkansas."

The record states:  "On this 2d day of the term (Tuesday), came the State of Arkansas by her attorney, and also came the defendant by its attorney, and this cause coming on to be heard, the state by its attorney announced ready for trial, and, the defendant refusing at this time to plead to the indictment as such, it is ordered by the court that a plea of 'Not guilty' be entered for the

defendant. Whereupon, by order of the court, come twelve of the regular panel of petit jurors at the present term hereof, who were duly examined by the court, and found competent to serve, and were accepted as a jury for the trial of this cause. After the hearing of the testimony, and there not being sufficient time to complete the trial of this case, the jury was discharged until tomorrow morning at half past 8 o'clock. The above proceedings were on yesterday and entered now for then. Now, on this day came again the jury herein, who, after receiving instructions of the court, retired to consider of their verdict, and afterwards returned into court the following verdict: 'We the jury, find the defendant guilty, and assess the fine at one hundred ($100) dollars.' It is therefore considered, ordered, and adjudged by the court that the State of Arkansas do have and recover of and from the defendant, the Kansas City, Fort Scott & Memphis Railroad Company, the said sum of one hundred dollars as her fine and all her costs in and about this cause had, laid out, and expended. And on Wednesday, January 8, 1896, and the third day of said January term, 1896, of this court, the defendant filed its motion in arrest of judgment assigning six several grounds therefor, some of them subsequently abandoned, so that our attention is directed to the following assignment of errors, to wit: (1) The indictment, as such, does not charge any offense known to the laws of Arkansas. (2) The indictment, treated as a complaint, fails to state facts sufficient to constitute a cause of action. (3) The court erred in treating the proceeding as criminal, and rendering judgment before the third day of the term. (4) The court erred in overruling appellant's motion in arrest of judgment."

This court has repeatedly held that a violation of this bell-ringing statute is not a criminal offense, but on

the contrary that proceedings thereunder are civil proceedings. *Railway Co.* v. *State,* 55 Ark. 200; *Railway Co.* v. *State,* 56 *id.* 166; *Railway Co.* v. *State,* 59 *id.* 165. It is incontrovertible, therefore, that the first assignment of error was well made.

The second assignment is to the effect that the indictment, even if taken as a complaint at law, does not state facts sufficient to constitute a cause of action. Under the ruling in *Railway Co.* v. *State,* 59 Ark. 165, the indictment, taken as a complaint, would be insufficient. The question just here is, can such a defect be the subject of consideration in a motion in arrest of judgment? If the indictment was the subject of general demurrer, the court should have quashed it on its own motion. If it was not full enough in its statement of the cause of action, it should have been quashed, for an indictment is not the subject of correction on motion, or otherwise.

The third assignment is, in its nature, the same as the first. The fourth ground is well taken if any of the others are well taken. It is useless to argue the correctness of a proposition, or of a number of propositions, whose correctness is self evident. All the assignment of errors are, in my opinion, sustainable from almost any point they can be considered.

The judgment of the lower court is affirmed by a majority of this court, solely on the grounds that defendant, in his motion in arrest, does not specifically show that it has a good defense to the action, and that the mere general statement that it has a good defense, without giving the particular facts constituting the defense, will not answer; and, furthermore, because the defendant does not show that the judgment would or could have been otherwise had the case been tried as a civil case.

Section 2272, Sand. & H. Dig., being a section of the code of criminal procedure, is in these words: "The only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense, within the jurisdiction of the court; and the court may arrest the judgment without motion or observing such defect." It has been held repeatedly by this court, as shown in citations herein made, that the failure to ring a bell or sound a whistle, under the statute involved, is not a public offense, cognizable in the criminal courts. This appearing upon the face of the papers, the judgment might have been arrested on the court's own motion, and should have been on the motion of defendant.

We know of no rule that compels a defendant to make a defense (other than to plead to the jurisdiction) before a court which has no jurisdiction of the case pending therein against him. The criminal court is certainly a very different tribunal from a civil court, although both may be presided over by the same judge. They have different dockets, and their proceedings are under different systems of procedure, and the rights and liberties of parties are different in the two, and in fact between the two there is a great gulf fixed.

The defendant, if the proceedings are viewed in any sort as a substitution for a civil proceeding, had the right — the unquestioned and unconditional right — to defend and begin his defense at any time before the expiration of the third day of the term, even granting that it had been summoned to appear at least ten days before the convening of the court, which does not appear in this case, and doubtless could not be made to appear. Sand. & H. Dig., secs. 5735 and 5813.

I think the judgment should be reversed.