St. Louis, Iron Mountain & Southern Railway Company *v.* State.

Opinion delivered June 8, 1901.

VARIANCE—PLEADING AND EVIDENCE.—Where, in an action against a railroad company to recover the statutory penalty for failure to signal at a certain highway crossing, the evidence tends to show that the offense, if committed at all, was committed at a different crossing from that named in the complaint, the court should direct a verdict for the defendant.

Appeal from Sebastian Circuit Court.

EDGAR E. BRYANT, Judge.

### STATEMENT BY THE COURT.

This is an appeal from a judgment against the appellant for $200 penalty, as provided in section 6196, Sandels & Hill's Digest. The complaint alleged that the railway company, operating its railway in the Greenwood district of Sebastian county, ran, or caused to be run, through said township, along the tracks of its road, a locomotive and train across the Greenwood and Scullyville wagon road, in district numbered 13, in said township, going southward (the number of said engine being unknown), "without sounding a steam whistle or ringing a bell continuously for

80 rods, or at all, before such crossing. A plea of not guilty was interposed by the railway company. The evidence was that the offense was committed, if committed at all, in crossing the Greenwood and Hackett City public road. The defendant, declining to introduce any evidence, asked that the jury be instructed to return a verdict for the defendant, "because of the insufficiency of the evidence to support an adverse finding." This instruction was refused, to which the defendant saved its exceptions.

The court then charged the jury as follows:

"Gentlemen of the jury, the complaint alleges that the defendant, the St. Louis, Iron Mountain & Southern Railway Company, is operating a line of railroad through Center township, in Sebastian county, across the Greenwood and Hackett City road, district No. 6, in said township.

"The complaint further alleges that on February 26, 1897, defendant, by its servants and employees, ran, or caused to be run, along the track of its said railroad, a locomotive and tender across said road, which may be known as the 'Greenwood and Hackett City Road,' the number of said locomotive being 441, as plaintiff is informed, running south backward without sounding a whistle or ringing a bell, about 2 o'clock p. m., the hour not being exactly known.

"In this character of cases, gentlemen, it becomes necessary for the state, in order to recover, to prove, by a fair preponderance of evidence, the facts as alleged in the complaint. And the facts must be proved exactly as alleged.

"It becomes necessary for you to find that said locomotive was a locomotive and tender; that it was running backward; that it was No. 441; that it ran across the crossing on the Greenwood and Hackett City road; and that it failed to sound a steam whistle or ring a bell continuously for 80 rods before said crossing.

"The penalty is $200 if the defendant is found guilty. If you find for the defendant, it would simply be a verdict of not guilty for the defendant."

The defendant objected separately and properly to each paragraph of said charge at the time it was given, but said objections were overruled, and all separate and proper exceptions saved.

The jury returned a verdict in favor of plaintiff for $200. Defendant filed its motion for a new trial, which was overruled, exceptions saved, and defendant appealed.

*Oscar L. Miles* and *Dodge & Johnson,* for appellants.

The judgment is not sustained by the evidence. There is an utter failure of proof upon the allegation as to the *"Greenville and Scullyville road."* Sand. & H. Dig., § 5766; Newman, Pl. 723; 3 E. D. Smith, 408; 10 How. 321; 1 Abb. 237; 28 Barb. 441; 10 N. Y. 254; 2 Comst. 506; 1 Russ. & Mylne, 527; 2 Dan. Ch. Pr. 240; 2 N. Y. 506, 507. The evidence also fails to prove the time as set out in the complaint.

*Jeff Davis, Attorney General,* and *Chas. Jacobson,* for appellee.

The indictment was sufficient. *Cf.* 58 Ark. 39. The court takes judicial notice of geographical facts. 53 Ark. 48; 29 Ark. 293; 7 Pet. 324.

HUGHES, J., (after stating the facts). The evidence in this case fails entirely to sustain the allegations of the complaint. The complaint alleges that the offense was committed at or near the Greenwood and Scullyville wagon road, while the evidence tends to show, if committed at all, it was committed in failing to ring the bell or sound the whistle when about to cross the Greenwood and Hackett City public road. It seems that the court must have made a mistake in stating the case to the jury. The court committed error, we think, in not instructing the jury to find for the defendant, and in its charge to the jury, which is without evidence on which to base it.

Reversed and remanded for a new trial.