CHOCTAW, OKLAHOMA & GULF RAILROAD COMPANY *v.* STATE.

(4 cases.)

Opinion delivered February 4, 1905.

RAILWAY—FAILURE TO SIGNAL—INDEFINITENESS OF COMPLAINT.—A complaint against a railroad company for failure to signal at a public crossing which fails to designate the particular train and its direction is indefinite, and should be made more certain.

Appeals from Sebastian Circuit Court, Greenwood District.

STYLES T. ROWE, Judge.

Reversed.

*E. B. Peirce* and *T. S. Buzbee,* for appellant.

The demurrers to the indictments should be dismissed. 55 Ark. 200; 56 Ark. 166; 63 Ark. 200; 68 Ark. 561; 63 Ark. 136. The motion to make indictments more specific should have been sustained. 59 Ark. 169; 69 Ark. 365; 66 Ark. 278. Refusal to give instruction No. 1 was error. 43 Ark. 415; 38 Ark. 519; 40 Ark. 97; 67 Ark. 357; 75 S. W. 929.

*Robert L. Rogers, Attorney General,* for appellee.

Confession of error.

BATTLE, J. The same question is involved in the above four cases. The same pleadings were filed in each case, and substantially the same evidence was adduced in them.

On January 11, 1902, the following complaint, in the form of an indictment, was filed:

"The grand jury of Sebastian County for the Greenwood District thereof, in the name and by the authority of the State of

Arkansas, accuse the defendant, Choctaw, Oklahoma & Gulf Railroad Company, of the crime of failing to ring bell or sound whistle at public road crossing, committed as follows, towit: The said defendant, a corporation, owning and operating a line of railroad running through the Greenwood District of Sebastian County, Arkansas, in the county and district aforesaid, on the 9th day of December, 1901, did unlawfully fail and neglect to ring the bell or sound the whistle on a certain engine and locomotive within eighty rods of the crossing of the railroad track of said railroad company and the Booneville and McAlester public road in Road District No. 11, and unlawfully failed and neglected to keep said bell ringing or whistle sounding until said engine and locomotive then and there crossed said public road, the said engine and locomotive then and there being run by said railroad company on the track of said railroad company, against the peace and dignity of the State of Arkansas.

"BEN CRAVENS,
"Prosecuting Attorney Twelfth Judicial Circuit."

The defendant filed the following motion:

"Comes the defendant, the Choctaw, Oklahoma & Gulf Railroad Company, and represents to the court that on the date mentioned in the indictment the defendant operated many trains over its line of railroad through the Greenwood District of Sebastian County, some of which trains were passenger trains and some freight trains, some going east and some going west; that from the allegations of the indictment the defendant is unable to determine what particular train is referred to; that defendant cannot defend this suit without greatly impairing its service and at great expense unless the plaintiff be required to set out specifically which of the trains committed the offense alleged.

"Wherefore, the premises considered, the defendant prays the court to require the plaintiff to make its indictment more definite and certain in this: That the plaintiff shall allege the character and course of the train by which the defendant operates the same, or set out such other facts as will enable the defendant to definitely ascertain the particular train referred to in the indictment; and, if the plaintiff fails to make its indictment more specific in this respect, defendant moves the court to dismiss the same."

The motion was overruled; a trial followed, which resulted in a judgment in favor of the plaintiff for $200. A motion for a new trial was filed, and overruled, and the defendant appealed.

The Attorney General confesses that the trial court erred in overruling the motion to make the complaint more specific and certain. The motion should have been sustained. *Railway Company* v. *State,* 59 Ark. 165, 169; *Little Rock & Fort Smith Railway Company* v. *Smith,* 66 Ark. 278. The confession of error is sustained, the judgment is reversed, and the cause is remanded for a new trial.