CHOCTAW, OKLAHOMA & GULF RAILROAD COMPANY *v*. STATE.

Opinion delivered May 13, 1905.

1. RAILROAD—FAILURE TO SIGNAL—INDEFINITENESS OF COMPLAINT.—A complaint against a railroad company for failure to signal at a public crossing which fails to allege what particular train failed to signal, and its direction, is indefinite, and a motion to amend should be sustained. (Page 372.)

2. PLEADING—INDEFINITENESS—AMENDMENT BY NOTICE.—An indefinite complaint cannot be cured by a mere notice given by plaintiff's counsel supplying the defect, as the notice constitutes no part of the record, and is binding on no one. (Page 372.)

3. RECOVERY OF PENALTY FOR FAILURE TO SIGNAL—NATURE OF PROCEEDING.— The statutory penalty for failure of a railroad company to signal at a highway crossing is recoverable by civil action, and not by a criminal proceeding. *Railway Company* v. *State*, 55 Ark. 200, followed. (Page 372.)

Appeal from Sebastian Circuit Court, Greenwood District.

STYLES T. ROWE, Judge.

Reversed.

*E. B. Peirce* and *T. S. Buzbee*, for appellant.

Defendant's notion to quash summons and its demurrer to the indictment should have been sustained. Failure of a rail-

24

road company to sound a whistle or ring a bell at a crossing is not a public offense. 55 Ark. 200; 56 Ark. 166; 63 Ark. 134; 68 Ark. 561. The grand jury had no authority to indict. 63 Ark. 140; Kirby's Dig. § 2197. Defendant's motion to make the indictments more specific should have been sustained. 59 Ark. 169; 69 Ark. 363; 66 Ark. 278, 281; 85 S. W. 85; Kirby's Dig. § § 6090, 6091, 6129; 32 Ark. 43; 27 Ark. 369; 29 Ark. 452. After answer, no pleading can be amended, except by leave of court; and the notice served on defendant could not be considered in the case. Kirby's Dig. § 6143; 8 Ind. 178; 1 Ark. 165; 24 Ark. 281. It was therefore error to allow the notice to be introduced in evidence. Kirby's Dig. § 6087. The court erred in allowing Jesse A. Harp to testify that he knew from general reputation that defendant was a corporation, and also in refusing to give the first instruction prayed by appellant. 7 Am. & Eng. Enc. Law (2d Ed.), 661; 75 S. W. 929. Kirby's Dig. § 6595 is a penal statute, and should be strictly construed. 43 Ark 415; 38 Ark. 519; 40 Ark. 97; 67 Ark. 357. The court erred in its first instruction.

*Robert L. Rogers, Attorney General,* for appellee.

While, under the rule in 74 Ark. 159, the indictments were insufficient, the service on the attorney for defendant of the notices stating what would be the evidence in each case properly put it on notice of the case it had to meet under each indictment, and accomplished the same purpose as though the motion had been sustained to make more specific and complied with. 66 Ark. 281; 59 Ark. 169; Pom. Rem. & Rem. Rights, § 554; Kirby's Dig. § 6140.

BATTLE, J. The following complaint, in the form of an indictment, was filed in this action:

"The grand jury of Sebastian County for the Greenwood District thereof, in the name and by the authority of the State of Arkansas, accuse the defendant, Choctaw, Oklahoma & Gulf Railroad Company, of the crime of failing to ring bell or sound whistle at public road crossing, committed as follows, towit: The said defendant, a corporation owning and operating a line of railroad running through the Greenwood District of Sebastian County,

Ark., in the county and district aforesaid, on the 4th day of May, 1902, did unlawfully fail and neglect to ring the bell or sound the whistle on a certain engine and locomotive within eighty rods of the crossing of the railroad track of said railroad company and the Booneville and Texas public road, in Road District No. 11, and unlawfully failed and neglected to keep said bell ringing or whistle sounding until said engine or locomotive then and there crossed said public road, the said engine and locomotive being then and there run by said railroad company on the tracks of said railroad company, against the peace and dignity of the State of Arkansas.                                          BEN CRAVENS,
    *"Prosecuting Attorney Twelfth Judicial District."* .

The defendant filed the following motion: "Comes the defendant, Choctaw, Oklahoma & Gulf Railroad Company, and represents to the court that on the day mentioned in the indictment the defendant operated many trains over its line of railroad through the Greenwood District of Sebastian County, some of which trains were passenger trains and some freight trains, some going east and some west; that from the allegations of the indictment the defendant is unable to determine which particular train is referred to; that the defendant cannot defend this suit without greatly impairing its service and at great expense unless plaintiff be required to set out specifically which of its trains committed the alleged offense. Wherefore, the premises considered, the defendant prays the court to require the plaintiff to make its indictment more definite and certain in this: That the plaintiff shall allege the course and character of the train, the hour of the day and the number of the train by which the defendant operates the same, and to set out such other facts as will enable the defendant to definitely ascertain the particular train referred to in the indictment; and if the plaintiff fails to amend the indictment in this respect, defendant moves the court to dismiss the same."

After the filing of this motion, and before it was disposed of, and on the same day the attorney of the plaintiff delivered to the defendant the following notice:

"To the above named defendant: You are hereby notified that in the above entitled cases, being indictments numbered 154, 155, 168, 169, 170, 171 and 172, the proof relied upon by the State to make out said cases will be as follows:    *    *    *

"Seventh. In indictment No. 154, the date is May 4, 1902, the hour about 4 o'clock p. m., the train a freight train and going west."

The indictment (complaint) in this case was numbered 154.

The court overruled the motion; and a trial followed, which resulted in a judgment in favor of the plaintiff for $200.

We have repeatedly held that such a motion in a case like this should be sustained. *Railway Company* v. *State,* 59 Ark. 165, 169; *Little Rock & Fort Smith Railway Company* v. *Smith,* 66 Ark. 278; *Choctaw, Oklahoma & Gulf Railroad Company* v. *State,* 74 Ark. 159. But it is said that the notice to the defendant supplied the defect in the indictment. We do not know of any law or authority by which such a mode of amendment is authorized. It formed no part of the record, was no amendment, and was binding on no one. The defendant was entitled to the protection against a second action for the penalty for the neglect or refusal to ring the bell or sound the whistle sued for in this action, which the amendment would give. The notice did not supply it, as it left the defendant to depend, for the protection which the record should have given, upon the uncertain memories and lives of witnesses, unless it is afforded relief in that respect by this appeal.

The trial court seems to have treated the complaint in this case as an indictment. It would not permit it to be amended, and instructed the jury as if the defendant was on trial for a misdemeanor. In this the court erred. (The error, however, was not prejudicial to appellant.) We have repeatedly held that the penalty for the failure of a railroad company to ring a bell or sound a whistle at a highway crossing is recoverable by a civil action only. *Railway Company* v. *State,* 55 Ark. 200; *Railway Company* v. *State,* 56 Ark. 166; *Kansas City, S. & M. Rd. Co.* v. *State,* 63 Ark. 134; *St. Louis, I. M. & S. R. Co.* v. *State,* 68 Ark. 561. Prosecuting attorneys and courts in this State should conform to the rulings of this court.

Reversed and remanded for a new trial, with instructions to the court to grant the motion.

HILL, C. J., did not participate.