### LOUISIANA & ARKANSAS RAILWAY COMPANY *v.* STATE.

### Opinion delivered January 25, 1909.

1. RAILROAD—PENALTY FOR FAILURE TO SIGNAL—NATURE OF PROCEEDING.— The statutory penalty for failure of a railroad company to signal at a highway crossing is recoverable by civil action, and not by a criminal proceeding. (Page 138.)

2. SAME—INDEFINITENESS OF COMPLAINT.—A complaint against a railroad company for failure to signal at a public crossing which fails to allege what particular train failed to signal is indefinite, and a motion to make more specific should be sustained. (Page 138.)

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; reversed.

#### STATEMENT BY THE COURT.

The grand jury of Columbia County at its August term, 1906, returned the following indictment (omitting caption):

"The Grand Jury of Columbia County, in the name and by the authority of the State of Arkansas, on oath accuse the defendant, Louisiana & Arkansas Railway Company, of the crime of failing to signal at road crossing, committed as follows, to-wit: The said defendant, on the 27th day of August, 1906, in Columbia County, Arkansas, did unlawfully, being then and there a railroad corporation operating a line of railway through Colum-

bia County, Arkansas, and running locomotives and trains of freight and passenger cars thereover, neglect and fail to ring a bell or sound a whistle on a certain locomotive attached to a train of cars at a distance of eighty rods from the place where the said railroad of defendant crosses in said county what is known as the Burned Bridge Road, said locomotive and train of cars being run along said railroad by said defendant at said time, and said defendant company did neglect and fail, on said locomotive, at said time and place as aforesaid, to keep a bell ringing or a whistle sounding from said point of eighty rods until said train had passed said crossing against the peace and dignity of the State of Arkansas."

The appellant filed the following motion to make more specific: "Said complaint alleges that the defendant did 'neglect and fail to ring a bell or sound a whistle, on a certain locomotive attached to a train of cars at a distance of eighty rods from the place where the said railroad crosses in said county, what is known as the Burned Bridge Road,' but he does not give the defendant any sufficient information as to when or where said alleged failure occurred, or as to what locomotive said complaint refers to. Therefore, premises considered, defendant prays the court to require the plaintiff to show when said alleged failure occurred and the course and character of the train, whether a passenger or a freight train, and at what time of day said train passed said crossing, and where said 'Burned Bridge Road' is situate; since the defendant operates and runs numerous trains, both freight and passenger, daily upon its line of railway, and from the complaint aforesaid the defendant has no sufficient information so as to know what to defend against in this action; and if the plaintiff fails to make its complaint more specific in this relation, and in the particulars referred to, defendant moves the court to dismiss the same."

The motion was overruled and exceptions duly saved. The appellant demurred. The demurrer was overruled, and exceptions were saved to the ruling. The appellant under protest answered, alleging that it was not guilty as charged in the indictment, that it has no knowledge of where "Burned Bridge Road" is situated, and that it does not know what locomotive or train of cars is referred to in the indictment or complaint.

A trial was had and judgment rendered against the appellant, from which this appeal has been duly prosecuted.

*Henry Moore* and *Henry Moore, Jr.,* for appellant.

This is a civil action, as repeatedly held by this court, and an indictment by a grand jury serves the purpose of a complaint at law.   55 Ark. 200; *Id.* 166; 63 Ark. 135; 68 Ark. 561; 75 Ark. 369.   The indictment here not being sufficiently definite and certain, the motion to make more specific ought to have been sustained; also the demurrer should have been sustained.   59 Ark. 165; 66 Ark. 278; 69 Ark. 363; 74 Ark. 159; 75 Ark. 369.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

WOOD, J., (after stating the facts.)   "We have repeatedly held that the penalty for the failure of a railroad company to ring a bell or sound a whistle at a highway crossing is recoverable by civil action only."   *Choctaw, O. & G. Rd. Co. v. State,* 75 Ark. 369; *Railway Company v. State,* 56 Ark. 166; *Railway Company v. State,* 55 Ark. 200; *Kansas City S. & M. Rd. Co. v. State,* 63 Ark. 134; *St. Louis, I. M. & S. R. Co. v. State,* 68 Ark. 561.   The cause should have been treated and tried as a civil action.   Treating the indictment as a complaint in a civil suit, it did not state a cause of action.   The motion to make more specific should have been granted.   That having been overruled, the demurrer was well taken, and should have been sustained.   *Railway Co. v. State,* 59 Ark. 165; *Little Rock & Ft. S. Ry. Co. v. Smith,* 66 Ark. 278; *Little Rock & Ft. Smith Ry. Co. v. State,* 69 Ark. 363; *Choctaw, O. & G. Rd. Co. v. State,* 74 Ark. 159; *Choctaw, O. & G. Rd. Co. v. State,* 75 Ark. 369.

The confession of error is sustained, and the judgment is reversed, and the cause is remanded with directions to sustain demurrer, with leave, if appellee desires, to make complaint more specific.