Jerry BAILEY *v.* Harold Gene MATTHEWS et ux

83-60                                    649 S.W.2d 175

Supreme Court of Arkansas
Opinion delivered April 25, 1983

118

*Holland & Todd,* by: *Michael E. Todd,* for appellant.

*Ponder & Jarboe,* by: *Dick Jarboe,* for appellees.

FRANK HOLT, Justice. Pursuant to a written contract, appellant built a home for the appellees. The undisputed evidence established that the concrete foundation was poured in water and mud. When the ground dried, the foundation cracked and the house settled, creating numerous other defects in the house. Appellees' house was repaired at a cost of approximately $19,000.

The appellees filed suit, initially on a theory of breach of an implied warranty that the house was to be constructed with sound workmanship and proper construction. Before trial the complaint was amended by alleging a breach of written provision of the contract, which stated that the work

was to be completed in a workmanlike manner according to standard practices. At a nonjury trial, when the appellees rested their case, the appellant moved for a directed verdict on the ground that the appellees had failed to give notice to appellant of the alleged breach of warranty, citing cases involving breaches of warranty in the sale of goods. Ark. Stat. Ann. § 85-2-607 (3) (Add. 1961). The court denied the motion. The appellant rested his case, choosing to stand on his motion for directed verdict. Two days after the court took the case under advisement, the appellees sought to amend their complaint to conform to the proof, alleging negligent construction in that the work was not completed in a workmanlike manner according to standard practices. The court allowed the amendment to conform to the proof and entered judgment for the appellees "[u]pon consideration of the pleadings and amendment to the pleadings to conform to the proof . . . " without specifying whether the judgment was founded on the warranty theory, the negligence theory, or both theories. Appeal was taken to the Court of Appeals, which certified the case to this court because it presents a question in the law of torts. Rules of the Supreme Court and Court of Appeals, Rule 29 (1) (o).

We first discuss appellant's contention that the court abused its discretion in allowing the appellees to amend their pleadings to conform to the proof after both parties had rested and the matter had been submitted to the court for a decision.

ARCP Rule 15 (b) provides:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be

amended in its discretion. The court may grant a continuance to enable the objecting party to meet such evidence.

This rule is identical to the corresponding federal rule. According to Wright and Miller, Federal Practice and Procedure: Civil § 1493, "[a] party who knowingly acquiesces in the introduction of evidence relating to issues that are beyond the pleadings is in no position to contest a motion to conform. Thus, consent generally is found when evidence is introduced without objection . . . ." Here, the evidence relating to the issue of negligent workmanship, as well as breach of warranty with respect to good workmanship, was testimony that the foundation was poured in water contrary to standard practice and good workmanship. No objection was made to the introduction of this evidence. Unlike *T. H. Epperson & Son, Inc.* v. *Robinson,* 274 Ark. 142, 622 S.W.2d 668 (1981), we cannot say that the appellant was prejudiced by the amendment of the pleadings. There, the amendment to the complaint had the effect of substantially reducing the plaintiff's burden and presenting the defendant with a much more difficult claim to meet than had been pleaded before trial. Here, the elements of the claim pleaded before trial and the claim pleaded in the amendment to conform to the proof were substantially the same. The pretrial pleadings put the appellant on notice that he would be required to meet a claim that the foundation was not completed in a workmanlike manner according to standard practices. The amendment simply restated the same claim attaching a different label to it.

The appellant argues that an amendment may not substantially change the claim or defense and cites in support of this contention *O'Guinn Volkswagen, Inc.* v. *Lawson,* 256 Ark. 23, 505 S.W.2d 213 (1974); and *St. Louis I.M. & Ry. Co.* v. *State,* 59 Ark. 165, 26 S.W. 824 (1894). Suffice it to say that both cases predate the Arkansas Rules of Civil Procedure, which include Rule 15 (b). Nothing in Rule 15 (b) precludes, under the facts of this case, an amendment of the pleadings by adding a theory of negligence to the theory of breach of warranty. See Moore's Federal Practice par. 15.13 [2], which cites many federal cases construing

Rule 15 (b) to allow amendments to conform to the evidence where the cause of action is changed and the opposing party is not prejudiced. No prejudice is demonstrated here. Furthermore, Rule 15 (b) provides that the court may grant a continuance to enable the objecting party to meet evidence relevant to issues not pleaded before trial. The record reveals that the appellees suggested to the trial court, in their memorandum brief in support of their amendment to the pleadings, that if the appellant deemed himself prejudiced, the court allow an additional hearing on the matter. The appellant never availed himself of this opportunity to correct any possible prejudice, responding only that allowing the amendment was an abuse of discretion. In our view the trial court did not abuse its discretion by allowing the appellees to amend their pleadings to conform to the proof.

Consequently, we need not reach appellant's remaining contention that the court erred in denying his motion for a directed verdict on the ground that appellees failed to give notice to the appellant of the alleged breach of warranties.

Affirmed.