## WILSON V. WILLIAMS.

REPLEVIN:  *Bond required of plaintiff.*

The solvency of a plaintiff in replevin will not dispense with the surety required of him by section 5575 Mansf. Dig., which provides that an order of delivery "shall not be complied with by the Sheriff until there has been executed in his presence by one or more. sufficient sureties of the plaintiff, a bond to the defendant" to the effect prescribed by the statute. And where the officer executes the order without taking such bond he becomes a trespasser, and is liable as such to the party injured.

APPEAL from *Sebastian* Circuit Court.

JOHN S. LITTLE, Judge.

Catherine A. Wilson brought this action against John F. Williams, Sheriff of Sebastian County, to recover the value of certain property which was taken from her and her husband by the defendant's deputy, under an order of delivery issued by a justice of the peace in an action of replevin, brought against them by Whitson and Anderson. The complaint alleges that the property belonged to the plaintiff, and that it was taken by the Deputy Sheriff and delivered to Whitson and Anderson, without first taking from them the bond required by law; that the plaintiff was not summoned in said action, and that the property was sold or otherwise. disposed of by the plaintiffs therein. The answer of the defendant avers that he did take from the plaintiffs in the replevin suit a bond as required by law, which he exhibits. It appears, both from the copy exhibited and from the evidence, that the bond was signed by the plaintiffs in that suit alone, and that it was not executed by any person as surety. The court below instructed the jury that the bond thus taken was sufficient to justify the Sheriff in executing the order of delivery. The judgment was for the defendant, and Mrs. Wilson appealed.

*Charles M. Cook* and *Joseph M. Hill*, for appellant.

1. A Sheriff, taking property under an order of delivery, loses the bond of plaintiff, is responsible to the same extent the

sureties would be. *Binmore on Sheriffs, sec. 80, p. 46; Wells on Replevin, sec. 595; 11 Eng. C. L. Rep., 464 (5 Barn. & Cr., \*p. 285.*

2. If a Sheriff, in executing an order of delivery, takes a bond signed only by the plaintiff in replevin, he is a trespasser, and liable for the property, if lost to the defendant. *Mansf. Dig., sec. 5575; Wells on Replevin, sec. 390; 20 Me., 93; 55 id., 362; 5 Ark., 110; 5 id., 81; 10 id., 89; 14 id., 266; 3 Wisc., 407; 5 id., 219; 42 Miss., 732; 6 Wend., N.Y., 547; 18 id., 521; Benmore on Sheriffs, sec. 80; Wells on Replevin, sec. 391, 388, 410 and notes.*

PER CURIAM. The only bond taken by the Sheriff before executing the order of delivery in the replevin suit was signed by the plaintiffs in replevin alone. But the statute prescribes that the order shall not be executed by the officer until a bond to the defendant, with one or more sureties for the plaintiff, has been executed in his presence. *Mansf. Dig., sec. 5575.* If the officer executes the order without such bond, he becomes a trespasser, and is liable to the party injured, as such. *Pirani v. Borden, 5 Ark., 89; State v. Stephens, 14 ib., 264.*

REPLEVIN: Plaintiff's bond.

The solvency of the plaintiff in replevin does not dispense with the necessity for one or more sureties, for that is a statutory requirement. See cases cited in *Wells on Replevin, sec. 390.*

The charge of the court was erroneous. Reverse the judgment and remand the cause for a new trial.