### HIGGASON *v.* BRASWELL.

### Opinion delivered March 3, 1924.

1. REPLEVIN—NECESSITY OF AFFIDAVIT.—Though the affidavit required by Crawford & Moses' Dig., § 8640, is necessary to the obtaining of an order of delivery, it is not a prerequisite to the court's jurisdiction to determine the rights of property without a change of possession during the action, so that defects in such affidavit did not call for a dismissal or invalidate the judgment.

2. REPLEVIN—SUFFICIENCY OF AFFIDAVIT.—An affidavit in replevin brought to recover two bales of cotton, which alleged that the cotton was not taken as a tax or fine against the plaintiff but was merely stored for safe-keeping, and which alleged that plaintiff ought to recover the cotton or $200 for debt, inferentially shows that the property was not taken under a judgment or execution, as required by Crawford & Moses' Dig., § 8640.

3. ABATEMENT AND REVIVAL—DEFECTIVE AFFIDAVIT IN REPLEVIN.— Failure of an affidavit in replevin to state that plaintiff's cause of action accrued within the period of limitation, as required by Crawford & Moses' Dig., § 8640, is not ground for quashing the writ.

4. REPLEVIN—AMENDMENT OF AFFIDAVIT.—On trial *de novo* in the circuit court of an action of replevin originating in the court of a justice of the peace, it was error to refuse to permit plaintiff to amend his affidavit to comply with the statutory requirements.

Appeal from Bradley Circuit Court; *Turner Butler,* Judge; reversed.

#### STATEMENT OF FACTS.

This is an action in replevin brought before O. F. Neal, a justice of the peace, by J. W. Higgason against Frank Braswell, for the recovery of two bales of cotton.

The complaint was filed on the 14th day of October, 1921, and an order of delivery was duly issued on the same day, returnable on the 29th day of October, 1921.

The return on the order of delivery shows that it was served on the defendant, and the two bales of cotton described in the order were taken possession of by the sheriff and delivered to the plaintiff.

On the 29th day of October, 1921, the defendant filed a motion for a change of venue, which was granted, and the venue changed to J. D. McLeod, a justice of the peace of another township in Bradley County, Arkansas.

On the 2d day of November, 1921, the plaintiff and the defendant announced ready for trial, and the case was heard before a jury. The jury returned a verdict for the plaintiff for the two bales of cotton in controversy, and judgment was rendered upon the verdict by J. D. McLeod, J. P.

The defendant in due time filed his affidavit for appeal to the circuit court, which was granted.

In the circuit court the defendant filed a motion to quash the judgment of the justice of the peace, on the ground that there was no affidavit filed before the justice of the peace, as required by the statute in replevin cases.

The circuit court then permitted the affidavit for the order of delivery, which was filed before O. F. Neal, J. P., to be supplied in the circuit court and filed as a part of the papers in the case.

The body of the affidavit, omitting the caption, is as follows: "The plaintiff, J. W. Higgason, states that the claim in this action against the defendant, Frank Braswell, is for 2 B/C cotton of the weight of 500 lb. or 1,000 lb. total; the same was bought and paid for by the plaintiff; that it is a just claim; that he ought, as he believes, to recover thereon the 2 B/C cotton of the defendant of $200 debt dollars and ($50); that he is the owner of 2 B/C cotton, and is entitled to the immediate possession of the cotton; that he is the owner, and is wrongfully detained by the defendant Braswell; that, according to the best knowledge, information and belief of plaintiff, said defendant detains said cotton wrongfully of him the owner thereof; said cotton was not taken

for tax or fine against him, but was merely stored for safekeeping, subject to his command at any time.

"Wherefore, he............pray............an order of delivery and that he have judgment for the sum aforesaid, with interest, also for costs of suit, and for other proper relief."

The affidavit was signed by J. W. Higgason, and sworn to before O. F. Neal, J. P.

The docket of O. F. Neal also showed that the case was transferred to J. W. McLeod, J. P., but, through some mistake, the affidavit was not transmitted to that court with the other papers in the case. The defendant then filed a motion to quash the judgment on the following grounds:

"1. The affidavit failed to recite that the property was not taken under a judgment or execution.

"2. That the cause of action accrued within one year before the filing of this suit.

"3. That the affidavit failed to state the value of the property taken in the action."

The plaintiff filed a response to the motion, in which he stated that the affidavit was in substantial compliance with the statute, and asked to be permitted to amend the same by inserting the allegations claimed to have been left out. The circuit court overruled the motion of the plaintiff to amend the affidavit, and sustained the motion of the defendant to quash the judgment rendered in the justice of the peace court.

Judgment was rendered accordingly in the circuit court, and the plaintiff has duly appealed to this court.

*Bradham & Purkins,* for appellant.

The affidavit was in substantial compliance with the statute, and was sufficient. Section 8640, C. & M. Digest; 44 Ark. 308; 85 Ark. 73; 111 Ark. 29; 33 Ark. 475; 34 Cyc. 1428; 114 Mich. 260; 37 Mich. 354; 71 N. W. 305; 22 Kan. 122; 119 Mich. 196; 32 Minn. 492. An irregularity in an affidavit upon which a writ of replevin is obtained does not invalidate the writ. 56 A. S. R. 736; 76 A. S. R. 892; 94 Ark. 384; 140 A. S. R. 121. The court

erred in refusing to allow plaintiff to amend his affidavit. 68 Ark. 180; 37 Ark. 549; 44 Ark. 309; 46 Ark. 259; 44 Ark. 375.

*Clary & Ball,* for appellee.

The affidavit was fatally defective in failing to allege the statutory requirements. Section 8640, C. & M. Digest; 136 Ark. 512. The failure to state the value of the property was fatal, and the justice of the peace had no jurisdiction. 111 Ark. 29; 94 Ark. 384; 10 Ark. 313; 6 Ark. 41; 43 Ark. 107; 61 Ark. 33.

HART, J., (after stating the facts). The motion of the defendant to quash the judgment of the justice of the peace is based upon § 8640 of Crawford & Moses' Digest, which states the requisites of an affidavit in replevin. The office of the affidavit and bond in a replevin suit is to obtain an order of delivery. This court has held that, before an order of delivery can issue for the immediate possession of the property in advance of the trial of the rights of property, the affidavit contemplated by § 8640 of Crawford & Moses' Digest must be filed.

The court has further held that the failure to file such affidavit before the issuance of the order of delivery for the immediate possession of the property is ground for quashing the writ, but that it is not a prerequisite to the jurisdiction of the court to settle the rights of property without a change of possession. *Schattler* v. *Heisman,* 85 Ark. 73. In that case the court further held that the circuit court could proceed to try the rights to the possession of the property involved without the possession being changed.

Under this decision, the defendant might have moved to quash the order of delivery because a defective affidavit had been filed. The requirements of the statute should be followed, in order to obtain a valid order of delivery; but they are not in the nature of jurisdictional facts calling for a dismissal of the complaint, and the circuit court erred in so holding.

It is claimed that the affidavit in the case at bar is defective because it fails to state the value of the

property taken in the action, and because it failed to recite that the property was not taken under a judgment or execution. In addition to the fact that this was not a ground to quash the judgment, it may be said that the affidavit shows, inferentially at least, the value of the property, and that the property was not taken under a judgment or execution. The affidavit alleges that the cotton was not taken as a tax or fine against the plaintiff, but was merely stored for safekeeping, subject to his command at any time. This is equivalent to saying that the cotton was not taken under any order or judgment of a court against him, or seized under execution. The allegation that it was stored for safekeeping is equivalent to an allegation that the ownership of the property was in the plaintiff, and that he was entitled to the immediate possession of it.

The affidavit contains another allegation that the plaintiff believes he ought to recover the two bales of cotton from the defendant, or $200 for debt. This, taken in connection with the allegation that the plaintiff had stored the cotton for safekeeping with the defendant, is equivalent to an allegation that its value was $200. He asked to recover the cotton, or $200 debt. This, coupled with the allegation that the cotton belonged to him, shows, inferentially at least, that the plaintiff valued the cotton at $200.

It is also claimed that the affidavit was fatally defective because it did not state that the plaintiff's cause of action accrued within one year*. The effect of replevin being to change possession of the property, where an immediate order of delivery is obtained, the Legislature has required the plaintiff to file an affidavit that his cause of action had accrued within a year, in order to rebut the apparent right of the defendant arising from the length of possession. *Payne* v. *Burton,* 10 Ark. 53.

---

*Section 8640 of Crawford & Moses' Digest contains an error. The period of limitation is three years. See Acts 1887, p. 37, and § 6950 of Crawford & Moses' Digest. (Reporter).

But, as we have already seen, the failure of the affidavit to state this fact is not ground to abate the suit, but is only ground to quash the order of delivery. In this connection it may be stated that the plaintiff asked leave to amend the affidavit in order to supply the alleged defects in it, and his request should have been allowed by the circuit court. The case was tried *de novo* in that court. The amendment asked did not change the nature of the claim of the plaintiff, nor was it inconsistent with his original complaint in the justice court. Hence the circuit court should have permitted the amendment requested by the plaintiff, and proceeded to try the case *de novo*. *Hanf* v. *Ford,* 37 Ark. 544, and *Strode* v. *Holland,* 150 Ark. 122.

It follows from what we have said that the court erred in quashing the judgment of the justice of the peace, and for that error the judgment must be reversed, and the cause will be remanded for further proceedings according to law and in accordance with this opinion.

