Morgan *v.* Hess.

4-7914                                    194 S. W. 2d 871

Opinion delivered June 10, 1946.

*B. L. Beasley* and *C. C. Hollensworth,* for appellant.

SMITH, J.   J. W. Hess brought suit in replevin against Jettie Morgan, in a justice of the peace court, to recover possession of a bull, valued at $60.   In preparing the papers the Justice of the Peace used printed blanks prepared for the purpose, which, when filled out, contained the recitals essential to obtain an order for the delivery of the bull. to Hess.   The affidavit recites .that oath and without having Hess ' sign it.   A bond in the it was subscribed and sworn to before the Justice of the Peace who signed the jurat without administering the sum of $120, which was double the alleged value of the bull, was prepared and signed by ,Hess, who asked if he might make a cash bond.   The Justice of the Peace informed Hess that the bond would have to be approved by the Sheriff, to whom the order of delivery was directed, and the Sheriff agreed to, and did accept a check to his order, drawn by Hess, for $120 in lieu of a personal surety.   The validity of the check is not questioned.

It was held in the case of *Wilson* v. *Williams,* 52 Ark. 360, 12 S. W. 780, that the solvency of the plaintiff did not dispense with the necessity for the surety on the

bond required by law (§ 11376, Pope's Digest); and that if the officer proceeded under a bond, without a surety, he was liable as a trespasser." In the case cited the bond was signed by the plaintiff only, and there was no surety, nor was there any attempt to make a cash bond. Whether such a bond could be given, in lieu of the bond required by the statute, is a question unnecessary here to decide.

The order for the delivery of the bull required Morgan to answer on June 23, 1945, but the cause was continued from that day, and set for trial June 30, 1945, at which time Morgan moved to dismiss the action, for the reason that Hess "had made no affidavit or bond as required by law in suits for replevin." The Justice refused to require the plaintiff to make additional bond, but accepted the check from the plaintiff in lieu of the bond. The court then permitted Hess to sign and make affidavit which he had previously failed to do. There was no error in permitting this to be done. *Higgason* v. *Braswell,* 163 Ark. 348, 258 S. W. 983. The defendant and his counsel refused to proceed further, and the plaintiff submitted his case upon the testimony of witnesses who were named in the judgment. The defendant offered no testimony.

Judgment was rendered by the Justice for the plaintiff, from which judgment the defendant did not appeal. On the contrary, he sued out a writ of certiorari, and prayed the cancellation of the judgment for the alleged reason that the justice court was without jurisdiction. Upon the trial in the circuit court the writ of certiorari was quashed, and from that judgment is this appeal.

Now the law is that an order of delivery may not be issued unless the plaintiff makes the affidavit, and executes the bond required by law, but it was long since held that failure to issue an order of delivery does not effect the nature of the suit. Earlier cases on the subject were reviewed in the case of *Chapman* v. *Claybrook,* 173 Ark. 705, 293 S. W. 43, where it is said:

"In the case of *Schattler* v. *Heisman,* 85 Ark. 73, 107 S. W. 196, a pleading purporting to be an affidavit was

filed with a justice of the peace, but it was not verified. The court there said: 'This paper, although not sworn to, was a sufficient complaint to give the court jurisdiction of the subject-matter in replevin; and the court could proceed to try the right to the possession of the property involved without the possession being changed. Sections 6853-54, Kirby's Digest; *Hanner* v. *Bailey,* 30 Ark. 681; *Hawes* v. *Robinson,* 44 Ark. 308; *Eaton* v. *Langley,* 65 Ark. 448, 450, 47 S. W. 123, 42 L. R. A. 474. But, before an order of delivery can issue for the immediate possession of the property in advance of the trial of the rights of property, an affidavit contemplated by § 6854, Kirby's Digest (§ 6854, Kirby's Digest, is identical with § 8640, C. & M. Digest) must be filed. A failure to file such affidavit before the issuance of the order of delivery for the immediate possession is ground for quashing the writ. But it is not a prerequisite to the jurisdiction of the court to settle the rights of property without a change of the possession. *Eaton* v. *Langley, supra.*' "

If it be true that the bond given by Hess did not meet the requirements of the statute in that respect, this would have been ground to quash the order of delivery, but it was not ground to dismiss the suit. Morgan did not ask that the order of delivery be quashed, but asked that the suit be dismissed, and when that motion was denied, he interposed no defense, and seeks to quash the judgment on certiorari.

Our reports are replete with cases to the effect that certiorari cannot be used as a substitute for an appeal or writ of error, and it cannot be used to correct mere errors of the lower court. Among many other cases to that effect are the following: *Carolan* v. *Carolan,* 47 Ark. 511, 2 S. W. 105; *Town of Salem* v. *Colley,* 70 Ark. 71, 66 S. W. 195; *Sharum* v. *Meriwether,* 156 Ark. 331, 246 S. W. 501.

In *Railway Company* v. *State,* 55 Ark. 200, 17 S. W. 806, Justice HEMINGWAY said: "The restricted office of the writ of certiorari precludes a review of such matters as, coming within the court's jurisdiction, were incorrectly determined; for the petitioner had the right of

appeal, which it does not appear to have lost by any unavoidable cause. Such being true, certiorari can be invoked only to set aside a judgment rendered without jurisdiction. *Burgett* v. *Apperson*, 52 Ark. 213.''

In the case of *Little Rock Traction Co.* v. *Wilson*, 66 Ark. 582, 53 S. W. 43, it was sought to quash on certiorari a judgment rendered by a Justice of the Peace in favor of the plaintiff against a garnishee in a case where the allegations and interrogatories required by statute in such cases, had not been filed. In affirming the action of the circuit court in denying that relief, Justice BATTLE said: ''But we do not mean to say that the allegations and interrogatories need not be filed. They ought to be filed, but the failure to file them cannot defeat the jurisdiction of the court, but, like any other failure of a court exercising its jurisdiction to conform to the law in any important particular, constitutes an error for which a judgment against the garnishee can be set aside on appeal or writ of error, but which could not have been reached as a general rule by a writ of certiorari at the time the judgment appealed from in the case before us was rendered.''

Here there is no lack of jurisdiction, and the circuit court properly quashed the writ of certiorari, and the judgment is, therefore, affirmed.