VALE, ADMR. *v.* HUFF, JUDGE.

5-1382                                                  306 S. W. 2d 861

Opinion delivered November 18, 1957.

*Richard W. Hobbs* and *B. W. Thomas,* for petitioner.

*A. L. Barber, Cooper B. Land, R. Julian Glover* and *Sigun Rasmussen,* for respondent.

SAM ROBINSON, Associate Justice. William Vale, administrator of the estate of William Vale, Jr., has petitioned this Court for a writ of prohibition directed to the respondent, Judge Huff, of the Garland Circuit Court. The controversy grows out of a personal injury action filed in the circuit court against General Motors Corporation and Chitwood Motor Company, a corporation. It is alleged that the plaintiffs were occupants of an automobile manufactured by General Motors Corporation and that the injuries were due to a defective condition of the steering assembly and defective brakes on the automobile in question. The defendants filed a motion asking that the plaintiffs be required to deliver to the clerk of the court all original parts of the automobile in their possession for examination and inspection by the defendants under orders of the court; and they asked that the defendants be permitted to make

laboratory, metallurgical and physical inspections in order to determine whether a defect existed. The court granted the motion and made an order permitting the defendants to send the automobile parts to their Detroit laboratory to be examined. The plaintiffs in the circuit court then filed their petition for a writ of prohibition in this Court to prevent the defendants from carrying out the circuit court order.

Ark. Stats. § 28-356, provides:

"Upon motion of any party showing good cause therefor * * * the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination * * *. The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just."

Our statute above mentioned permitting the inspection and examination of evidence is an adoption of Rule 34 of the Rules of Federal Procedure, and the courts have repeatedly held that an order for discovery under Rule 34 is interlocutory and not appealable, and a writ of prohibition will not lie. "An order for discovery under this Rule is interlocutory and not appealable, but is reviewable only on appeal from the final judgment. An appellate court will not issue a writ of prohibition against a trial judge who in the exercise of his discretion has granted discovery." Barron and Holtzoff, Federal Practice & Procedure, Vol. 2, § 803. See also:

*Apex Hosiery Co.* v. *Leader,* 102 F. 2d 702.

*Zalatuka* v. *Metropolitan Life Ins. Co.,* 108 F. 2d 405.

*Fenton* v. *Walling, Admr.,* 139 F. 2d 608.

*O'Malley* v. *Chrysler Corp.*, 160 F. 2d 35.

*Pennsylvania R. Co.* v. *Kirkpatrick*, 203 F. 2d 149.

In the last mentioned case the court said:

"(1)  The petitioner argues that the district judge exceeded his jurisdiction and, therefore, a remedy of mandamus is appropriate to make him stay within it. The argument is transparently inaccurate. It was the function of the judge to decide whether, following the authorities above cited, 'good cause' had been shown. He decided that it had.  This was the very kind of a question which it was his duty to decide and he decided it.  To say that in doing so he exceeded his jurisdiction if he made a mistake would be to turn every judicial error into an action beyond the jurisdiction of the court. Even a mistaken ruling on evidence in the course of a trial would take the judge outside his jurisdiction and make him amenable to a mandamus writ.  *  *  *"

Petitioner relies on our case of *City National Bank* v. *Wofford,* 189 Ark. 914, 75 S. W. 2d 666.  In that case the trial court ordered certain documents to be produced by the defendant for examination by the plaintiff. In granting a writ of prohibition this Court said:

"The majority of the court is of the opinion that this is a proper case for the writ prayed, because the trial court has exceeded its authority and there is no other remedy which will afford defendants protection against the wrong."

The *Wofford* case was decided many years prior to the adoption of our Discovery Act [Act 335 of 1953.]

In the *Wofford* case a writ of prohibition was granted because the court exceeded its authority, but in the case at bar it is clear that the trial court is acting within the provisions of the Discovery Act, which provides that the court *may* order the production of objects for examination and "may prescribe such terms and conditions as are just."

The trial court has wide discretion in fixing the terms upon which the defendants may be permitted to

make the examination. If there is any real danger of the parts being lost, a bond could be required, but this, of course, is within the discretion of the trial court; and the automobile parts can be photographed and marked so that there will not be any question about the identity of the items involved. Petitioner is apprehensive of difficulty that may be encountered in meeting the technical requirements of the rules of evidence in establishing the identity of the parts involved, if possession of the parts is turned over to the defendants for examination. Of course, defendants would be in no position to question the identity of the items returned to the petitioner as being those received by the defendants in the first instance.

The petition is denied.

McFADDIN, J., concurs; WARD, J., dissents.