Ark. Motor Coaches *v.* Taylor, Judge.

5-2613 and 5-2623                          354 S. W. 2d 731

Opinion delivered March 12, 1962.

5-2613—*Warren & Bullion* and *Fletcher Long,* for petitioner; *Harold Sharpe,* for respondent.

5-2623—*Harold Sharpe,* for petitioner; *Warren & Bullion* and *Fletcher Long,* for respondent.

Carleton Harris, Chief Justice. Minnie Warren filed an action against Arkansas Motor Coaches in the Circuit Court of St. Francis County, seeking to recover monetary damages for personal injuries suffered because of the alleged negligence of the bus company's driver. Sixteen interrogatories were addressed to Arkansas Motor Coaches.[1] The company answered the first five

---

[1] These interrogatories, in general, dealt with such matters as the names, addresses, and telephone numbers of witnesses, and their employment. Similar information was sought relative to agents or private investigators who investigated the casualty; also information relative to the reports of investigations that had been prepared, and photographs, charts, or drawings made on behalf of defendant.

interrogatories, objected to numbers six through twelve, then proceeded to answer the balance. A motion was then filed by counsel for Minnie Warren asking that the company be ordered and directed to answer the interrogatories which they had refused to answer. On hearing, the court sustained the defendant's objection to interrogatories No. 7, No. 8, No. 9, No. 11 and No. 12, but defendant's objection to plaintiff's interrogatory No. 10 was overruled "to the extent that Defendant should be required to furnish to the Plaintiff copies of statements obtained from witnesses, including the parties, now in Defendant's possession." Arkansas Motor Coaches has petitioned this Court for a Writ of Prohibition, maintaining that the order of the court directing that statements obtained by petitioner be furnished Minnie Warren exceeds the power and jurisdiction of the Court; that the order will have to be complied with unless this Court intervenes by issuance of Writ of Prohibition, and that to comply with said order will cause irreparable injury and damage to petitioner, which cannot be corrected as a practical matter on appeal.

Minnie Warren likewise seeks a Writ of Prohibition, stating:

"Petitioner alleges that the issuance of a Writ of Prohibition in this case is proper because the Circuit Court has exceeded its authority in failing to require Arkansas Motor Coaches, Defendant in said Circuit Court to respond to Interrogatories No. 7, 8 and 9. There is no other remedy that will afford the Petitioner protection against the wrong."

The cases have been consolidated for hearing.

Actually, both sides are endeavoring to present to this Court for determination the scope and extent of the discovery statutes, Arkansas Statutes 28-348 et seq. Petitioner, Arkansas Motor Coaches, states that the petition raises three questions.

"1. Is prohibition the appropriate procedure under the facts in this case;

2. May the trial court order the witnesses' statements on bare interrogatory; and

3. To what extent are witnesses' statements, obtained for the purpose of assisting counsel in his preparation for a case, protected from the discovery rules?" We recognize that the question of the proper utilization of discovery procedures has not been developed to a great extent in this state; in fact, though our Act was passed in 1953, there are no Arkansas cases bearing on the question of when, or under what circumstances, statements of witnesses are subject to pretrial disclosure, production, or inspection. Nonetheless, though we recognize the exigency of a guidepost for attorneys and courts, we are unable to answer questions two and three, listed above, for question number one is quickly answered in the negative.

Petitioners are contending that the Circuit Court acted in excess of its jurisdiction (rather than lacking jurisdiction), but the Writ of Prohibition cannot be used as a substitute for appeal. In *H. B. Deal & Co., Inc.* v. *Marlin, Judge,* 209 Ark. 967, 193 S. W. 2d 315, this Court quoted from 42 Am. Jur. 165, under the topic "Prohibition", as follows:

"It is the universal rule that mere error, irregularity, or mistake in the proceedings of a court having jurisdiction does not justify a resort to the extraordinary remedy by prohibition, and that a writ of prohibition never issues to restrain a lower tribunal from committing mere error in deciding a question properly before it; or, as it has sometimes been said, the writ of prohibition cannot be converted into, or made to serve the purpose of an appeal, writ of error, or writ of review to undo what already has been done. This is true both because there has been no usurpation or abuse of power and because there exist other adequate remedies. Thus, when jurisdiction is clear, an erroneous decision in ruling on the sufficiency of the petition or complaint or on a motion to dismiss, or on matters of defense, or in rendering judgment, is not ground for a writ of prohibition."

Also, in *Vale, Admr.* v. *Huff, Judge*, 228 Ark. 272, 306 S. W. 2d 861, we held that an order for discovery is interlocutory and not appealable, and a writ of prohibition will not lie.

Writs denied.