ARK. STATE HIGHWAY COMM. *v.* PONDER, JUDGE

5-3656                                    393 S. W. 2d 870

Opinion delivered September 27, 1965.

*Murphy & Arnold,* for Respondent.

*Phil Stratton, Virginia Tackett* and *Mark Woolsey,* for Petitioner.

GEORGE ROSE SMITH, J. The State Highway Commission has brought an eminent domain proceeding to condemn certain land in Independence county. Several of the defendant landowners filed discovery interrogatories, Ark. Stat. Ann. §§ 28-355 and -356 (Repl. 1962), seeking to obtain the names of the persons who had appraised the land for the Commission, a copy of the instructions given to these appraisers, a copy of the appraisals, information about the appraisers' study of comparable sales, and similar data. The trial judge held that the opinions and appraisals of the prospective expert witnesses were privileged, but he directed that the other requested information be supplied.

The Commission then filed the present petition for a writ of certiorari to quash the trial court's order. The petitioner contends that the discovery statutes do not apply to agencies of the State and, alternatively, that all the information sought by the landowners is privileged.

We think the writ must be denied on the authority of *Arkansas Motor Coaches* v. *Taylor, Judge*, 234 Ark. 803, 354 S. W. 2d 731, 95 A. L. R. 2d 1227 (1962). There the defendant sought a writ of prohibition to prevent the trial court from compelling it to answer certain discovery interrogatories, on the ground that the information sought was privileged. We denied the writ, holding that the discovery order was interlocutory and not appealable. Since the court had jurisdiction to make the order, prohibition could not be used as a substitute for an appeal from the final judgment in the case. Similarly, certiorari cannot serve as a substitute for an appeal. *Morgan* v. *Hess*, 210 Ark. 207, 194 S. W. 2d 871 (1946).

This petitioner insists that if it complies with the trial court's order, under protest, its remedy by eventually taking an appeal from the final judgment will be inadequate, for, even if we should hold that the discovery order was an error, the harm will already have been done. In effect it is argued that if the cat is ever let out of the bag it can never be gotten back into the bag. An identical argument can be made whenever a discovery order is objected to. To sustain the argument in this case would

mean that we should have to make a similar piecemeal decision whenever an application for discovery is unsuccessfully resisted at the trial level. We have repeatedly held that we cannot review interlocutory orders in this fashion.

Writ denied.