jurisdiction to entertain a motion for new trial at this late date.

Furthermore, it appears from the motions herein that the matter would constitute impeaching testimony only. Testimony which merely tends to impeach the credibility of a state's witness is not a ground for a new trial. *Cooper* v. *State*, 246 Ark. 368, 438 S.W. 2d 681; *Therman* v. *State*, 205 Ark. 376, 168 S.W. 2d 833; *Norrid* v. *State*, 188 Ark. 32, 63 S.W. 2d 526; *Hayes* v. *State*, 169 Ark. 883, 277 S.W. 2d 36. A case particularly appropriate here is *Foster* v. *State*, 45 Ark. 328.

Appellant's remedy, if any she has, is by post-conviction relief under Criminal Procedure Rule 1, which is presently inappropriate.

CITY OF ROGERS *v.* MUNICIPAL COURT OF ROGERS

75-206                   531 S.W. 2d 257

Opinion delivered January 12, 1976

*J. Wesley Sampier*, City Atty., for appellant.

No brief for appellee.

GEORGE ROSE SMITH, Justice. Barry Pyeatt was charged in the Rogers municipal court with the offense of drunken driving. On motion the court directed the city to turn over to Pyeatt's attorney, for additional testing, a perchlorate tube (with its contents) which the city police had used in making a blood-alcohol test to determine Pyeatt's asserted intoxication. The city attorney, contending that the order was beyond the municipal court's jurisdiction, sought a writ of prohibition in the circuit court. This appeal is from a denial of that writ.

The circuit court was right in refusing to intervene. In 1957, in a civil case, we held that under our discovery procedure the circuit court can direct the plaintiff in a personal injury case to turn over to the defendant, for examination and testing, automobile parts that are alleged to be defective. *Vale v. Huff*, 228 Ark. 272, 306 S.W. 2d 861 (1957). There we said that the trial court has wide discretion in fixing the terms upon which the examination is to be made.

In 1971 the General Assembly adopted a discovery statute for criminal cases. It provides that upon a defendant's motion the court may order the prosecuting attorney to permit the defendant to inspect tangible objects within the State's possession "upon a showing of materiality . . . and that the request is reasonable." Ark. Stat. Ann. § 43-2011.2

(Supp. 1973). By its terms the act applies to municipal courts. § 43-2011.4. The act uses the word "inspect." "Inspection is not necessarily confined to optical observation, but is ordinarily understood to embrace tests and examinations." *O'Hare* v. *Peacock Dairies*, 79 P. 2d 433 (Calif. App., 1938), citing several cases. Hence the statute authorizes testing in a case such as this one.

The city insists, however, that the court should not have ordered the police to turn over the perchlorate tube to the defendant's attorney. Under the *Vale* case the court might have required a bond to insure the return of the tube, but apparently the city made no such request. In any event, the writ of prohibition goes only to the issue of jurisdiction, and as we have seen, the court had statutory authority for its order. Finally, we think it obvious that the statute prohibiting the giving away of municipal property except upon payment at the usual and regular rates has no application to this transaction. Ark. Stat. Ann. § 19-917 (Repl. 1968).

Affirmed.