# FARM SERVICE COOPERATIVE OF FAYETTEVILLE, James F. DICKSON and Wayne B. BALL *v.* The Honorable Maupin CUMMINGS, Circuit Judge, First Division, Circuit Court of Washington County, Arkansas

77-303                                          561 S.W. 2d 317

Opinion delivered February 20, 1978
(In Banc)

*James F. Dickson,* for petitioners.

*Pearson & Pearson* and *Jones & Segers,* for respondent.

CARLETON HARRIS, Chief Justice. This action relates to litigation between appellant, Farm Service Cooperative, and Goshen Farms. On May 17, 1972, Goshen Farms sought a declaratory judgment and $5,264.96 in damages from Farm Service, the suit apparently[1] based on a contention that Farm Service was a holdover tenant, and damages were sought for injury to the property. This litigation resulted in a jury verdict for Farm Service. On December 1, 1972, a second complaint was filed by Goshen seeking $160,281.21, or, in the alternative, $26,705.55.[2] Again, there was a jury verdict for Farm Service. On May 24, 1974, damages were sought by

---

[1]The original complaint is not a part of the record.

[2]This complaint is not in the record and there is nothing to show the reason for the vast difference in the two figures.

Goshen in the amount of $6,000.00, but apparently a non-suit was taken before the trial.[3]

On January 17, 1977, another suit was filed by Goshen,[4] and Farm Service counterclaimed for $20,455.12 for attorneys' fees plus exemplary damages of $10,000.00. Goshen's attorneys gave notice to take the depositions of James F. Dickson and Wayne B. Ball, attorneys for Farm Service and thereafter those attorneys filed a motion with the Washington County Circuit Court seeking to quash the taking of the depositions and alleging that they had "no unprivileged knowledge regarding any matter which is relevant to the subject matter involved in the pending action which relates to any claim or defense of any party or which is reasonably calculated to lead to the discovery of admissible evidence." It was further asserted that the notice to take the depositions was "for the purpose of annoying and harassing attorneys for defendant and counterclaimant." A response was filed to this motion in support of the taking of the depositions alleging that Dickson and Ball "know more about the alleged malicious prosecution as set forth in the counterclaim than any other persons;" that the named attorneys possessed knowledge of agreements entered into as attorneys with the attorney representing Goshen, and that such attorneys "have personal knowledge as to whether or not there is any malice" on the part of Goshen and "also have knowledge of possible malice on the part of Farm Service Cooperative, Inc." On hearing, the court found that the motion to quash notice to take the depositions should be overruled, and that the two attorneys should submit themselves for oral depositions and ordered:

"James F. Dickson and Wayne Ball are ordered to appear in person in Washington County Circuit Courtroom on third floor in the Washington County Courthouse, Division 1, on the 28th day of September, 1977, at 10:00 a.m., for purpose of being deposed by Tom Pearson, Sr., in behalf of Goshen Farms, Inc., and George Melbourn and Carl Rose on the question of malice and the basis of malicious prosecution allegation

[3]This complaint is not in the record.

[4]This complaint is not in the record.

and the basis of attorney fees charged upon which recovery is sought."

Farm Service, and Dickson and Ball petitioned this court for a writ of prohibition requiring respondent, Judge Maupin Cummings, to set aside the above order.

The petition cannot be granted. Certainly, the court has jurisdiction of the subject matter and jurisdiction of the parties, and we have said on numerous occasions that a writ of prohibition does not issue when a court acts merely in excess of its jurisdiction, since the writ cannot be used as a substitute for appeal. *Ark. Motor Coaches* v. *Taylor, Judge,* 234 Ark. 803, 354 S.W. 2d 731, 95 A.L.R. 2d 1227 (1962).[5]

But appellants' argument is predicated on the contention that the trial court's order will require Dickson and Ball to violate the lawyer-client privilege expressed in Rule 502 of the Uniform Rules of Evidence, and it is argued the court was without jurisdiction to enter such an order. Here, they refer to the court's order as it relates to being deposed "on the question of malice and the basis of malicious prosecution allegation." Of course, an attorney is not required to divulge information of a privileged nature, but we do not take it that the court's order authorized, or intended to authorize, unlimited authority to propound any questions, including privileged matters or the attorneys' work product, and have them answered. Of course, this court has no idea what

---

[5]In the earlier case of *H.B. Deal & Co., Inc.* v. *Marlin, Judge,* 209 Ark. 967, 193 S.W. 2d 315, we quoted with approval from 42 AmJur 165 as follows:

" 'It is the universal rule that mere error, irregularity, or mistake in the proceedings of a court having jurisdiction does not justify a resort to the extraordinary remedy by prohibition, and that a writ of prohibition never issues to restrain a lower tribunal from committing mere error in deciding a question properly before it; or, as it has sometimes been said, the writ of prohibition cannot be converted into, or made to serve the purpose of an appeal, writ of error, or writ of review to undo what already has been done. This is true both because there has been no usurpation or abuse of power and because there exist other adequate remedies. Thus, when jurisdiction is clear, an erroneous decision in ruling on the sufficiency of the petition or complaint or on a motion to dismiss, or on matters of defense, or in rendering judgment, is not ground for a writ of prohibition.' "

Numerous other cases are to the same effect.

questions will be asked and this would appear to be likewise true of the trial court; there certainly is no way that we can rule on questions that have never been asked, nor can the trial court. However, we have a statute which protects against such an invasion. Ark. Stats. 28-352 (d) (Repl. 1962) reads as follows:

"At any time during the taking of the deposition, on motion of any party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in subdivision (b). If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, taking of the deposition shall be suspended for the time necessary to make a motion for an order. In granting or refusing such order the court may impose upon either party or upon the witness the requirement to pay such costs or expenses as the court may deem reasonable."

An additional reason for denying relief is that an order for discovery is interlocutory and not appealable, and a writ of prohibition will not lie. *Ark. Motor Coaches* v. *Taylor, Judge, supra.* See also *Vale, Admr.* v. *Huff, Judge,* 228 Ark. 272, 306 S.W. 2d 861.

But, say the petitioners, even if this court should subsequently hold that the trial court's order was in error, or that the court ordered questions answered that were, in fact, privileged, the damage would already have been done. In *Arkansas State Highway Commission* v. *Ponder, Judge,* 239 Ark. 744, 393 S.W. 2d 870, a case involving a writ of certiorari, this court refers to *Ark. Motor Coaches* v. *Taylor, Judge, supra,* with the following pertinent observations:

"We think the writ must be denied on the authority

of *Arkansas Motor Coaches* v. *Taylor, Judge,* 234 Ark. 803, 354 S.W. 2d 731, 95 A.L.R. 2d 1227 (1962). There the defendant sought a writ of prohibition to prevent the trial court from compelling it to answer certain discovery interrogatories, on the ground that the information sought was privileged. We denied the writ, holding that the discovery order was interlocutory and not appealable. Since the court had jurisdiction to make the order, prohibition could not be used as a substitute for an appeal from the final judgment in the case. Similarly, certiorari cannot serve as a substitute for an appeal. *Morgan* v. *Hess,* 210 Ark. 207, 194 S.W. 2d 871 (1946).

"This petitioner insists that if it complies with the trial court's order, under protest, its remedy by eventually taking an appeal from the final judgment will be inadequate, for, even if we should hold that the discovery order was an error, the harm will already have been done. In effect it is argued that if the cat is ever let out of the bag it can never be gotten back into the bag. An identical argument can be made whenever a discovery order is objected to. To sustain the argument in this case would mean that we should have to make a similar piecemeal decision whenever an application for discovery is unsuccessfully resisted at the trial level. We have repeatedly held that we cannot review interlocutory orders in this fashion."

It follows from what has been said that the petition cannot be granted.

Writ denied.

HOWARD, J., dissents.

GEORGE HOWARD, JR., Justice, dissenting. I am compelled to dissent from the holding of the majority in this action.

The record clearly shows that the trial court exceeded its authority in ordering the attorneys for Farm Service Cooperative of Fayetteville, James F. Dickson and Wayne B. Ball,

". . . to appear . . . for purpose of being deposed *on the question of malice and the basis of malicious prosecution allegation* and the basis of attorney fees charged upon which recovery is sought." (Emphasis Added)

It is apparent from the face of the order that the attorneys for Farm Service Cooperative of Fayetteville run the risk of contempt of the trial court's order should they refuse to answer any questions posed by attorneys for Goshen Farms regarding the malicious prosecution allegation contained in the counterclaim of their client without being afforded the opportunity to object to the grounds of relevancy, materiality and attorney-client privilege and have such objections considered by the trial court before being ordered to respond to questions posed.

It seems clear that the sole purpose of deposing the attorneys for Farm Service Cooperative is to harass and intimidate counsel. This conclusion is inescapable when one considers the fact that Goshen Farms has brought several actions against Farm Service Cooperative which have had a rather tragic demise either by way of jury verdicts in behalf of Farm Service Cooperative or by nonsuit. Moreover, it seems further obvious that if Goshen Farms desired to take discovery deposition on the malicious prosecution allegation, the party litigant is the proper person to be deposed and not its lawyers.

The majority has recognized in its opinion that it is clear from the face of the trial court's order that the trial court exceeded its authority, but concludes that a writ of prohibition does not issue for this purpose since the writ may not be used as a substitute for an appeal. It is, perhaps, true that writ of prohibition is not the appropriate means to deal with the problem faced by the Court, but this Court may treat petitioners' petition for writ of prohibition as a petition for certiorari and strike that part of the order directing the attorneys for Farm Service Cooperative to answer questions pertaining to malice and the basis of malicious prosecution allegation.

In *State of Arkansas, Ex Rel Joe Purcell, Attorney General, Arkansas State Highway Commission* v. *G.D. Nelson, Berry*

*Petroleum Company, et al,* 246 Ark. 210, 438 S.W. 2d 33, we said, among other things:

> "certiorari lies to correct proceedings erroneous upon the face of the record when there is no other adequate remedy . . . it is available in the exercise of super-intending control over a tribunal which is proceeding il-legally where no other mode of review has been provided . . . certiorari lies where there is a want of jurisdiction or *an act in excess of jurisdiction which is apparent on the face of the record* . . ." (Emphasis added)

An additional reason asserted by the majority in denying relief is the contention that the order of the trial court is inter-locutory in nature and consequently, an appeal does not lie.

I submit, however, that due to the nature and scope of the trial court's order in directing the attorneys to answer questions pertaining to their client's allegations and the possible serious consequences that could flow upon counsel's refusal to answer on the grounds of attorney-client relationship, materiality or relevancy, this Court should not look to form, but, indeed, the substance of the order and regard it as final. *See:* 4 Am. Jur. 2d, Appeal and Error, Section 51, p. 573, where it is provided:

> "A number of tests of finality for purpose of appealabili-ty have been suggested, but none of these has universal applicability. Where there is a doubt in this respect, the surrounding circumstances as disclosed by the record may be considered. Ordinarily it will appear from the face of the decision whether it is or is not final. Howev-er, the test of finality is the substance of the decision rather than its form or name, so that a decision may be final and appealable although it is denominated interlocutory."

It must be remembered that that portion of the trial court's order directing counsel to answer questions relating to their client's counterclaim was gratuitous in every respect. Respondents made no demand for affirmative relief. Petitioners simply filed a motion to quash notice of the time and place for deposing counsel. It seems that an appropriate

order would have simply denied the motion to quash. Thus, the parties could have simply followed the statutory provisions for discovery. But as it now stands, counsel do not know precisely what destiny has in store for them.